Gardiner, J.
 

 delivered the opinion of the court.
 

 The only question necessary to be considered is, whether the terms of the contract taken in reference to the subject mattei and the situation of the parties, fairly import a sale or a bailment.
 

 Neither the declarations nor the conduct of the defendant subsequent to the agreement, were admissible with a view to its construction. Evidence of this character may be resorted to for the purpose of proving a contract, or the sense in which particular terms were used by the parties, and sometimes with
 
 *156
 
 a view to show a conversion of the property where a bailment has been previously established. Here, however, the contract is in writing. There is no such ambiguity in the terms as requires the aid of extrinsic testimony to explain them, and the rights of the parties must consequently be determined by its language.
 

 It appears, then, by the contract, that the defendant agreed
 
 to take
 
 all the wheat of the plaintiffs at, &c. and
 
 give
 
 them one barrel of first rate superfine flour
 
 for
 
 every four bushels and fifty-six pounds of wheat of a good merchantable quality; the flour to be packed in first rate barrels and warranted to pass inspection in Albany and New-York for good superfine flour. If the word “ take ” as it seems in this contract is equally applicable to a bailment as to a sale or exchange, and therefore equivocal, the term “ give ” requires some act of the defendant which should pass the property in the flour to the plaintiffs. As a word of contract, it demands something more than the re-delivery of the plaintiff’s wheat in the form of flour. It implies that the property in the thing to be given is in the donor until changed by delivery. The word does not impart a mere gratuity, since the defendant was to “ give ” superfine flour “ for,” that is, in consideration of, or as an equivalent for, the wheat taken by him from the plaintiffs.
 

 There is nothing in the contract that expressly or by implication obliged the defendant to deliver to the plaintiffs flour manufactured from this wheat, or wheat of a similar quality, to the exclusion of any other in their possession, or which they might subsequently obtain. The agreement upon his part was satisfied by the delivery of a barrel of first rate superfine flour for every four bushels and fifty-six pounds of wheat received by him, whether manufactured at his mill or elsewhere, obtained by purchase or otherwise. This is a controlling circumstance to show that the parties intended a sale or exchange and not a bailment. The distinction between an obligation to restore the specific thing received, or of returning others of equal value, is the distinction between a bailment and a debt, so recognized by the decisions in England and this state, with the exception of
 
 Seymour
 
 v.
 
 Brown,
 
 (10
 
 John. Rep.
 
 44;)
 
 Jones on
 
 Bailment,
 
 *157
 
 102, 64 ;) 7
 
 Cowen Rep.
 
 756;
 
 Smith
 
 v.
 
 Clarke,
 
 (21
 
 Wend.
 
 84;)
 
 Dykers
 
 v.
 
 Allen,
 
 (7
 
 Hill,
 
 498;) 2
 
 Kent Com.
 
 590. The decision in
 
 Seymour
 
 v.
 
 Brown
 
 has been overruled in the same court in which it was pronounced, and cannot, we think, be sustained either upon principle or authority. A new trial must be granted.
 

 New trial granted.1