*30
 
 Gardiner, J.
 

 According to the charter-party, the plaintiff “ granted, and to freight let, to the defendants, the whole tonnage of the vessel,
 
 except
 
 so much thereof as may be
 
 necessary
 
 for the accommodation of the officers and crew and the storage of provisions, water and fuel for the same,” for a voyage from New York to the Mediterranean and back.
 

 One question',, perhaps the most important, is, as to the force to be given to the word “-necessary,” occurring in the exception above quoted. The defendants requested the judge to charge, “ that they were entitled to the use of the whole vessel, except such parts as were
 
 actually
 
 and
 
 indispensably
 
 necessary for the accommodation of the officers,” &c. This, certainly, is not the language of the contract, and the introduction of the terms, “ actually and indispensably,” would seem to imply that the word “necessary,” in the connection in which it is found, was used in a less stringent sense by the parties than would comport with the construction contended for by the defendants. The parties do not intend, by *the exception, to limit the owners to the smallest possible space which could be occupied, without preventing the intended voyage. The officers and crew were to be accommodated in the mode adapted or fitted to their station — the character of the vessel and the nature of the voyage being taken into consideration. What was
 
 necessary
 
 in this sense, was a question of fact, and left as such by the judge to the jury, who found that the lower cabin, forecastle and store-room were necessary for the accommodation of the officers and crew, and the storage of provisions, water, &c.
 

 The testimony of Godecke was properly received, if we are right in our construction of the contract. It did not go to vary the written agreement, but to prove, by the acts of the parties, the space which they esteemed necessary for the accommodation of the crew. If this was a question of fact, I perceive no objection to its
 
 *31
 
 being established by this sort of evidence. The testimony of Ellis and Thompson were to the same point. The only objection taken to any of the evidence was, that it tended to vary the written contract; on the contrary, its sole object was to apply the agreement to the subject of it; this kind of testimony, it is hardly necessary to say, is not only competent, but indispensable. I think the judgment should be affirmed.
 

 Judgment affirmed.