## WARD *vs.* RUCKMAN.

The right of the master to continue in command of a vessel because he is a part owner, can only rest on a contract made with the other owners.

Even if such a contract is made with one captain, it is not an assignable right, to be transferred with the share, but is personal to the captain with whom it was made.

Such a contract cannot be unlimited, in respect to duration; and where no time is fixed for its continuance, it must be considered as subject to be terminated by either party on reasonable notice, if the interest of either requires a change.

ACTION of trover for the illegal conversion by the defendant of the one quarter part of the schooner *Ney,* and also for damages for wrongfully depriving the plaintiff of a *"master's interest"* in said schooner, which was claimed to be the right to run her, as master, and to receive as such master, for so running her, 55 per cent of her gross earnings, in addition to his quarter dividends as part owner. The defendant had not destroyed the schooner, but as owner of three quarters had appointed another master, and employed her as he chose. The means adopted by the defendant to obtain possession of the vessel, it is alleged, was a warrant of attach-

ment. The answer admitted the issuing of the attachment, but stated the grounds. No evidence whatever was given, or offered, of a *conversion*, but the object of the action was to establish the existence of a kind of property, called a "master's interest," as distinguished from his interest as an owner. Witnesses testified that such an interest was worth from thirty to fifty per cent more than a citizen's interest. The plaintiff derived his title from one De Groote, and the bill of sale conveyed only *"the one quarter of the vessel."*

The register showed that De Groote owned one-fourth, and the defendant three-fourths.

The complaint was dismissed, and the plaintiff appealed.

*J. T. Williams,* for the appellant.

*G. Dean,* for the respondent.

By THE COURT. The right of a master to continue in command of a vessel because he is part owner, can only rest on a contract made with the other owners.

Even if such a contract is made with one captain, it is not an assignable right to be transferred with the share, but is personal with the captain with whom it is made.

Such a contract cannot be unlimited in respect to duration; and when no time is fixed for its continuance, it must be considered as subject to be terminated by either party on reasonable notice, if the interest of either requires a change. (*Story on Partnership,* § 432. *Card* v. *Hope,* 2 *Barn. & Cress.* 661.)

The facts proved on the part of the plaintiff do not show a right to recover, and the complaint was properly dismissed.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Ingraham* and *Gould,* Justices.]