By the Court.—Monell, J.
The chief question in this case arises under the refusal of the court to *476 charge the jury that the contract of sale was entire, and could not be satisfied by a delivery, or tender of delivery, of a quantity less than the whole. The evidence justified the finding of an actual delivery of seventy bales. They were taken from the warehouse, sampled vand weighed, and by the direction of the defendants, re-stored for their account. That constituted a delivery of the seventy bales. Before a like delivery of the remainder could be made, the warehouse and its contents was destroyed.
The bought and sold notes did not make this a completed sale, so as to vest the title to all the cotton in the defendants. Something remained to be done by the seller to ascertain the quantity, and by the purchaser to ascertain the quality. To vest the title in a purchaser, upon a sale unaccompanied by a delivery, nothing must remain to be done by the seller (Bradley v. Wheeler, 4 Robt. 18 ; affirmed on appeal, 44 N. Y. [5 Hand] 495). It is true that in one case (Crofut v. Bennett, 2 N. Y. 258) it is held, that merely having to weigh the commodity, to' ascertain the price of the whole, at the rate agreed upon, where the goods are otherwise clearly identified, will not prevent its being a complete sale; but I think the clear weight of authority is otherwise ; and if anything remains to be done by the seller, to ascertain its identity, quantity or quality, the title does not pass until all that is done (Bradley v. Wheeler, supra, where the cases are collected).
The commodity in this case was divisible and capable of a separate physical delivery? Each bale could be separately weighed and sampled, and as weighed and sampled passed over to the purchaser; but that circumstance did not make the contract divisible, or of itself, render it capable of a separate physical performance.
The fact, as found by the jury, that the sale was of *477 a specific definite lot of cotton, and not of one hundred and nineteen bales of cotton of a certain quality, did not relieve the plaintiffs from the necessity of a complete performance, as a condition precedent to a recovery, unless such a performance was rendered impossible, or was excused by what happened after the partial delivery was made.
The verdict in this case cannot, in my judgment, be sustained on the ground that the title to all the cotton had become vested in the defendants, by the mere force of the bought and sold notes. The sale was of one hundred and nineteen bales of cotton of specific marks, at thirty-one and a quarter cents a pound. The quantity had to be ascertained by actually weighing ; and I think it is very clear that the weighing was to be done by or under the direction of the plaintiffs.
On this point, I am unable to distinguish this case from Joyce 'v. Adams, 8 JY. Y. 291. The bought and sold notes were, in terms, almost identical, and the cotton was, before delivery, destroyed by fire. That was held to be an uncompleted sale, and the title to the cotton as remaining in the seller. And the court put its decision on the ground that it was the duty of the seller to weigh the cotton, before the price could be computed, “ and until that was done, the cotton was not even ready or in a condition for delivery.”
It is clear, therefore, I think, that treating this as an entire and indivisible contract, the plaintiff cannot recover upon it, as a completed sale of the whole number of bales. And it also follows, that whether treated as a contract for the sale of a specific lot of cotton, or as merely a contract for the sale and delivery of one hundred and nineteen bales of a certain quality of cotton, in either case 'a delivery of any number of bales, less than the whole, would not be a performance of the contract.
*478 What is an entire and what is a severable contract, is not clearly defined. Much depends upon the nature of the contract; something upon the intention of the parties. Where there is a purchase of different articles at different prices, at the same time, the contract must be several as to each article, unless the taking of the whole was rendered essential by the nature of the subject matter,, or by the act of the parties. But when the purchase is of a specific commodity, or of several of a specific commodity, at a fixed price, either for the whole or for each part, and there is no intention, expressed or implied, of a several performance, the complete fulfillment is a condition precedent.
The contract in this case was entire and indivisible, and required a full performance. It was for the sale and purchase of one hundred and nineteen bales of cotton, to be paid for on delivery, and a delivery of any number less than the whole would not be a performance of the condition.
In Russell v. Nicoll, 3 Wend. 112, a contract for the sale of five hundred bales of cotton, cash on delivery, was held to be an entire contract, imposing no obligation on the purchaser to receive less than the whole. And in Baker v. Higgins, 21 N. Y. 397, which was a contract for the sale of a specific quantity of brick at a stipulated price per thousand, it was held to be an indivisible contract. In that case,'there had been a part delivery and acceptance of such part by the purchaser, and the action was to recover for such part at the stipulated price, and it was held that the seller could not recover without showing a delivery, or an offer to deliver, the whole.
This is not a case of acceptance of a part of the goods while in the course of accepting the whole, so as to construe it into a waiver of an exact performance of the entire contract. No such waiver can be imputed to the defendants. Their demand was for the whole, *479 and it was no fault of theirs that the delivery was stopped. They were ready to receive, and did no act which could be deemed a waiver of their legal right to refuse payment for the portion delivered until they had received the whole.
I have not regarded it as material whether the purchase in this case was of specific and identified cotton, or generally of the number of bales of cotton mentioned in the contract. The rule as to performance is the same in either case, and the defendants had the right to require a delivery of the whole number, and the plaintiffs could have no right of action for any part without showing a delivery, or an offer to deliver, the whole number of bales mentioned in the bought and sold notes.
Nor was performance excused in this case by the happening of the fire, by which all the cotton, including the seventy bales actually delivered, was destroyed. Performance is excused when it is prevented by the act of Grod or of the law, but the happening of a casualty, or inevitable accident or other unforseen contingency will not.
In Norton v. Woodruff, 2 N. Y. 153 the property was destroyed by fire before delivery, and the court held it did not excuse performance. And in Joyce v. Adams, supra, after a delivery of part the remainder was destroyed by fife. The purchaser demanded a delivery, and then brought his action to recover a deposit made upon the contract, and the court sustained the action.
The rule on this subject is very clearly stated by Mr. Justice Edwards in Hammond v. Bingham, 12 N. Y. 99, 107. He says, “ Where a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident or delay by inevitable necessity, because he might have provided against it by contract.”
*480 The meritorious question in this case is, which of the parties shall suffer the loss. One or the other must, but I cannot see any reason why the defendants should be selected. They had no title to the whole property, so as to make it their loss; nor were they responsible for any part until there was a delivery of all.
The respondents’ counsel relied very much upon the case of Bradley v. Wheeler, supra, as settling the law of the case in his favor. But a moment’s examination of that case will show, that the facts were quite different, and that decision is put on the ground that nothing remained for the seller to do, and therefore it was a complete sale, vesting the title in the purchaser.
In conclusion, I am of opinion that the defendants were entitled to have the jury instructed as they requested, and that their exception to the refusal was well taken. They were also entitled to have their motion for a nonsuit granted.
For these errors the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.