## The Lapeer County Farmers' Mutual Fire Insurance Association v. William H. Doyle.

*Insurance: Policy: Construction: Question of law.* The question whether a word written in a policy of insurance introduced in evidence, in a clause stating the number of rods the buildings insured were from any other buildings, was the word "*six*," and hence sensible, or the word "*oix*," and therefore without meaning, is one of law for the court as matter of construction, where there are no circumstances raising any doubt as to its authenticity; and a ruling leaving it to the jury to find whether the word was written "*six*," or "*oix*," is held erroneous.

*Submitted on briefs and decided July 24.*

Error to Lapeer Circuit.

The connection in which the word occurred in the policy of insurance, upon the construction of which this suit turned, was this: "The said buildings herein insured are more than *six* [oix] rods from any other buildings," etc.

*Gaskell & Geer* and *M. E. Crofoot*, for plaintiff in error.

*S. V. & C. P. Thomas* and *J. M. Wattles*, for defendant in error.

LAPEER CO. FARMERS' MUTUAL FIRE INS. CO. *v.* DOYLE.

PER CURIAM.

Doyle sued on a policy of insurance, and the case was made to turn before the jury on the question whether a word written in the policy, and not upon erasure or in a manner to create any doubt as to its authenticity, was the word "six," and hence sensible, or "oix," and therefore without meaning. If the former, it was against the right of the plaintiff below to recover. If the latter, it favored recovery. The court submitted it to the jury to find whether the word was written "six," or "oix," and allowed them to return a verdict for the plaintiff below, if they should be of opinion that the word was written "oix." They found for the plaintiff below, and judgment being entered, the association brought error. The ruling was clearly wrong. The court should have decided the point as matter of construction; and an inspection shows plainly enough that the word was "six," and not "oix."

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.