(3 Misc. Rep. 516.)

## CAMPBELL v. JIMENES et al.

(Common Pleas of New York City and County, General Term. May 10, 1893.)

1. CONTRACT—CONSTRUCTION—EVIDENCE.
    If the intention of the parties to a written contract be intelligible upon the face of the instrument, extrinsic proof of its meaning is inadmissible, and its construction is for the court alone.
2. SAME—QUESTION FOR JURY.
    But, if its terms be so obscure or ambiguous as not to be understood without the aid of adventitious light, then evidence, not only of the surrounding circumstances, but of the acts and conversations of the parties, is competent to illustrate their intention; and upon such evidence the meaning of the instrument is for determination by the jury.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Bernard J. Campbell against Juan Y. Jimenes and others to recover damages for breach of a contract of employment. Plaintiff had judgment on the verdict of a jury at the trial term of the New York city court, which was affirmed at general term, (23 N. Y. Supp. 312,) and defendants appeal. Reversed.

The contract is as follows: "I, Bernard Campbell, chief engineer, hereby agree to render myself to the orders of Captain Compton for service on steamer he may assign, and for service in the West Indies, not to extend six months, receiving wages at the rate of two hundred and fifty dollars Amer. gold or equivalent per month; one month to be paid in advance on leaving, and free passage out and home. New York, 8th, 1889." (Signed by the parties.)

Argued before BOOKSTAVER,. BISCHOFF, and PRYOR, JJ.

Tracy, Boardman & Platt, (Frank H. Platt, of counsel,) for appellants.
William F. Randell, for respondent.

PRYOR, J. The judgment recovered by the plaintiff represents damages from the breach of a contract for a six-months employment. If in fact he was hired for a shorter term, the judgment is necessarily erroneous; or, were the contract for no definite duration of service, either party might terminate it, certainly at the end of any month, (De Briar v. Minturn, 1 Cal. 450; Howard v. Railway Co., [Ala.] 8 South. Rep. 868; Clark v. Ryan, [Ala.] 11 South. Rep. 22; Ward v. Ruckman, 34 Barb. 419;) and, when the hiring is for a period "not exceeding" a named term, its duration is indefinite, (Harper v. Hassard, 113 Mass. 187; Peacock v. Cummings, 46 Pa. St. 434; Coffin v. Landis, Id. 426.) "Either party may put an end to the contract at any time, if the term is indefinite; as, if A. employs B. to serve him at a certain sum a month, for a period not exceeding three years." Wood, Mast. & Serv. (2d Ed.) § 133. If such was the agreement in question, it is clearly incapable of sustaining the action. To the support of the judgment, therefore, it is indispensable that the contract on which it rests should stipu-

late for a service of six months. Assuming to himself the interpretation of the written agreement, the learned trial judge held it to be for six months, but upon the face of the instrument the construction is incorrect. Substituting for "extend" the word "exceed," as probably intended by the parties, (Insurance Ass'n v. Doyle, 30 Mich. 159; Morrell v. Frith, 3 Mees. & W. 402,) the term of plaintiff's service was indefinite, and so terminable at pleasure, (authorities supra.) The case, however, is not so bad for the plaintiff as the position of the trial judge would imply, namely, that the court should construe the contract, and without the aid of extraneous evidence. If the intention of the parties to a written contract be intelligible upon the face of the instrument, extrinsic proof of its meaning is inadmissible, and its construction is for the court alone, (Norton v. Woodruff, 2 N. Y. 153, 156; Glacius v. Black, 67 N. Y. 563, 567;) but, if its terms be so obscure or ambiguous as not to be understood without the aid of adventitious light, then evidence, not only of the surrounding circumstances, but of the acts and conversations of the parties, is competent to illustrate their intention, and upon such evidence the meaning of the instrument is for determination by the jury, (Brady v. Cassidy, 104 N. Y. 147, 155, 10 N. E. Rep. 131; Tatterson v. Manufacturing Co., 106 Mass. 56, 59; Almgren v. Dutilh, 5 N. Y. 28; Goodrich v. Stevens, 5 Lans. 230; Walrath v. Thompson, 4 Hill, 200; Thorington v. Smith, 8 Wall. 1; Bank v. Dana, 79 N. Y. 108; Fagin v. Connoly, 69 Amer. Dec. 456, note; Keller v. Webb, 28 Amer. Rep. 210, note; Browne, Parol Ev. p. 190 et seq.) Upon the face of the agreement between the parties to this action, it is uncertain for what period the service was to continue, and on what steamer the plaintiff was to be employed; wherefore parol evidence of the circumstances of the transaction and of the conversations of the parties was admissible in elucidation of the obscurities and ambiguities apparent on the face of the paper, and upon such proof the meaning of the contract was for solution by the jury. It follows that the judgment must be reversed, and a new trial ordered, with costs to abide the event. All concur.