### KELLY, Appellant, v. PARTRIDGE, Respondent.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

Motion for reargument or leave to go to court of appeals. Denied. For decision on appeal to the court of common pleas, see 23 N. Y. Supp. 1027.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Edward S. Johnson, for the motion.
George Wilcox, opposed.

PER CURIAM. After examination of the brief for a reargument or leave to appeal further, we are still of the opinion that no material fact of the case has been overlooked or misapprehended, and that the decision stands well upon reason and authority. It is quite obvious that the moving papers fail to comply with the requirements of rule 16. Neither the magnitude of the interests nor the importance of the legal questions involved is such as to justify recourse to the court of appeals. Motion denied, with costs.

### BLOOD v. SMITH et al.

(City Court of New York, General Term. October 20, 1893.)

Action by George W. Blood against George W. Smith and others. From an order setting aside dismissal of complaint, and ordering a new trial, defendants appeal.

Argued before EHRLICH, C. J., and McCARTHY, J.

H. P. Starbuck, for appellants.
Frederick Eder, for respondent.

EHRLICH, C. J. The trial judge, after dismissing the complaint, entertained a motion for a new trial, which he granted on his minutes. We think he erred in dismissing the complaint, and that he should have sent the cause to the jury, as to the bona fides of the sale under which the plaintiff claimed, and that the award of a new trial was proper. The defendant has called attention to various provisions of the statutes of New York, in reference to transfers by corporations in contemplation of insolvency; but the corporation which made the transfers in this instance was a foreign corporation, and the statutes cited have no application to it. See Worthington Co. v. Pfister Book-Binding Co., (Super. N. Y.) 23 N. Y. Supp. 295. The laws of the foreign state were not offered in evidence, and we are unable to say what they provide in such a case. At all events the facts should have gone to the jury, with proper instructions as to the law. For these reasons the order awarding the new trial must be affirmed, with costs.

### CAMPBELL, Respondent, v. JIMENES et al., Appellants.

(City Court of New York, General Term. October 20, 1893.)

Action by Bernard Campbell against Juan Y. Jimenes and others.

Tracy, Boardman & Platt, for appellants.
William F. Randel, for respondent.

NEWBURGER, J. Our appellate court having held (Campbell v. Jimenes, 23 N. Y. Supp. 333) that the terms of the contract between plaintiff and defendants were ambiguous, and that the meaning of the instrument can only be determined by a jury, the trial justice therefore properly denied the defendants' motion to dismiss. There appears to be no other exception in the case of merit, and judgment must therefore be affirmed, with costs.