THOMAS L. VICKERS, Respondent, *v.* SANDFORD W. BATTERSHALL
and Another, Appellants.

*Promissory note given as a collateral security — stipulation for forfeiture not*
*enforceable — parol evidence, when admissible to vary a writing — judgment against*
*an indorser of a note given as collateral security — no bar to proof of payment of*
*the principal obligation.*

Upon the back of a promissory note, made by one Sandford W. Battershall, payable to the order of Thomas L. Vickers, was written the following:

" T. L. Vickers holds as security for payment of this note at maturity a certain note made Ap. 25th — due one year from date, for three thousand dollars, signed by Jas. O'Brien, and endorsed by Anna S. Battershall to S. W. Battershall, upon which eleven hundred dollars has been paid to me, and in case this note is not paid at maturity, the said note of O'Brien shall belong to said Vickers, his heirs and assigns. Battershall has the privilege of paying this note any time before maturity and receiving O'Brien's note back.

                         " S. W. BATTERSHALL."

*Held,* that such stipulation did not have the effect to transfer the O'Brien note, absolutely, to Vickers, on default in the payment of the note to which it was collateral;

That the O'Brien note was not transferred in payment of, but as collateral to, the note given by Sandford W. Battershall ;

That an equity of redemption attached to the note in Vickers' hands, and nothing could destroy that equity except a judgment of foreclosure rendered by a court of competent jurisdiction;

That the provision contained in the assignment of the O'Brien note, that in case of non-payment of Battershall's note, it should "belong to said Vickers, his heirs and assigns," did not change the character of that instrument. That it was a pledge or mortgage and always remained such, and its terms were not contradicted or varied by the parol evidence that the O'Brien note was held as collateral security for the payment of the note given by Sandford W. Battershall.

Forfeitures are abolished under the laws of the State of New York, and the rule is firmly established that under every instrument given as security the borrower has the right to redeem upon the payment of the loan.

The rule that parol evidence cannot be received to contradict or vary the terms of a written contract is not of universal application. It has many exceptions, one of which is to admit the evidence when it tends to show that a part only of an agreement was reduced to writing.

The fact that a judgment has been recovered against Anna S. Battershall as indorser on the O'Brien note, which was paid by her, did not debar her from proving, in an action brought against her upon the promissory note as collateral security to which the O'Brien note was given, that the proceeds of such judg-

ment were by the agreement of the plaintiff applicable to the payment of the note in suit. If such agreement existed, the note in suit was *eo instanti* extinguished upon the payment of the judgment to the plaintiff.

APPEAL by the defendants, Sandford W. Battershall and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 4th day of June, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit.

*George P. Gordel,* for the appellants.

*A. Simis, Jr.,* for the respondent.

BROWN, P. J.:

This action was brought to recover upon a promissory note for $500, dated January 13, 1887, made by the defendant Anna S. Battershall to the order of Sandford W. Battershall and by him indorsed to the plaintiff, and payable two months after date.

This note was given in renewal of a prior note for the same amount, which bore date September 10, 1886, and matured on January 13, 1887. Both defendants pleaded payment, and this was claimed to arise from the following facts: On November 25, 1886, the defendant Sandford W. Battershall was indebted to Spencer Trask & Co. in the sum of $522.59. That firm held as collateral a promissory note made by one James O'Brien, payable to the order of Anna S. Battershall and indorsed by her, upon which there was unpaid more than $2,000. The plaintiff, at the request of Sandford W. Battershall, paid the debt to Trask & Co., and received the O'Brien note, and Sandford executed and delivered to him his note bearing date November twenty-fifth for the amount paid to Trask, payable five months after date. Upon the back of this note was indorsed the following:

" T. L. Vickers holds as security for payment of this note at maturity a certain note made Ap. 25th — due one year from date, for three thousand dollars, signed by Jas. O'Brien, and endorsed by Anna S. Battershall to S. W. Battershall, upon which eleven hundred dollars has been paid to me, and in case this note is not paid at

maturity, the said note of O'Brien shall belong to said Vickers, his heirs and assigns. Battershall has the privilege of paying this note any time before maturity and receiving O'Brien's note back.

"S. W. BATTERSHALL."

The note given for the Trask debt was not paid, and Vickers thereafter sued Mrs. Battershall upon her indorsement on the O'Brien note, and collected from her thereon about $2,500.

Upon the trial of this action Sandford W. Battershall testified that the O'Brien note was delivered to the plaintiff not only as collateral to the note given for the Trask debt, but also to the note of which the note in suit was a renewal, and if this was the fact it followed that the note in suit was paid by the proceeds of the collection on the O'Brien note, and a surplus left which was due to the defendants or one of them.

At the close of the evidence the court, against the defendants' objection and exception, struck out all the oral testimony of Sandford W. Battershall tending to show that the plaintiff held the O'Brien note as collateral to the note in suit, on the ground that it contradicted the agreement on the back of the note given for the Trask debt, and directed a verdict for the plaintiff.

If the ruling of the trial court can be sustained the result would be that plaintiff will have been permitted to recover and retain upwards of $3,000 in payment of a debt of a little over $1,000.

We are of the opinion that the court erred in striking from the case the oral testimony of Sandford W. Battershall, and that the judgment entered upon the verdict must be reversed. The stipulation which I have quoted above cannot be held to have the effect to transfer the O'Brien note absolutely to the plaintiff on default in the payment of the note to which it was collateral. The O'Brien note was not transferred in payment of, but as collateral to, the note of November twenty-fifth. An equity of redemption attached to the note in the plaintiff's hand, and nothing could destroy that equity except a judgment of foreclosure rendered by a court of competent jurisdiction. Forfeitures are abolished under our law, and the rule is firmly established that under every instrument given as security the borrower has a right to redeem upon payment of the loan.

A leading case in this state upon this subject is *Clark* v. *Henry* (2 Cow. 324), which in its facts is very similar to the case at bar.

There was an assignment of a mortgage by a debtor to his creditor absolute in form. In an action by the debtor to redeem the mortgage the defendant asserted an absolute title to the security. Upon deciding the case the chancellor said: "There is no principle in Equity better settled than that every contract for the security of a debt by the conveyance of real estate is a mortgage, and all agreements of the parties tending to alter in any subsequent event the original nature of the mortgage and prevent the equity of redemption are void."

Upon affirming the judgment the Court of Errors said: "The right to redeem is carefully protected by Courts of Equity. They will not suffer an agreement to prevail that the estate shall become an absolute purchase in the mortgagee upon any event whatever. * * * There is no exception to the rule 'once a mortgage and always a mortgage.'"

In *Peugh* v. *Davis* (96 U. S. 332) the Supreme Court of the United States recently stated the rule to be that the right to redeem "cannot be waived or abandoned by any stipulation of the parties made at the time, even if embodied in the mortgage," and the principle is stated by Judge STORY in his work on Equity Jurisprudence (§ 1019) as follows: "So inseparable, indeed, is the equity of redemption from a mortgage that it cannot be disannexed even by an express agreement of the parties. If, therefore, it should be expressly stipulated that unless the money should be paid at a particular day or by or to a particular person the estate should become irredeemable, the stipulation would be utterly void."

Under the application of this rule the provision contained in the assignment of the O'Brien note that, in case of non-payment of Battershall's note, it should "belong to said Vickers, his heirs and assigns," did not change the character of that instrument. It was a pledge or mortgage, and always remained such, and its terms were not contradicted or varied in the least by parol evidence that the O'Brien note was held as collateral security for the payment of the note in suit. Evidence to that effect permitted the stipulation to stand and be enforced by the plaintiff according to its terms, and had no other effect except to impress upon the surplus that might remain in Vickers' hands a lien in his favor to secure payment of the note in suit. It contradicted nothing except the clause which

apparently declared a forfeiture of the O'Brien note, but as that clause could not be enforced without an opportunity to redeem, it did not vary or change the legal character of the instrument.

The rule that parol evidence cannot be received to contradict or vary the terms of a written contract is not of universal application, but has many exceptions, one of which is to admit the evidence when it tends to show that a part only of an agreement was reduced to writing. (*Chapin* v. *Dobson*, 78 N. Y. 74; *Brigg* v. *Hilton*, 99 id. 517; *Routledge* v. *Worthington Co.*, 119 id. 592.)

The testimony of Battershall was, therefore, admissible, and should not have been stricken out. If the jury had found that the O'Brien note was collateral to the note in suit, it would have followed, as a necessary conclusion, that the latter instrument was paid.

Mrs. Battershall is not estopped by the judgment against her on the O'Brien note from raising the defense of payment in this action. She was liable on the O'Brien note upon her contract of indorsement, and she alleged in her answer in this action, and testified on the trial, that she had no knowledge of the transaction with the plaintiff by which he acquired that note. It is not necessary to determine on this appeal whether the judgment on the O'Brien note would estop her from recovering back any portion of the money paid thereon. She does not assert any such claim in her answer.

The fact of the recovery of the judgment on the O'Brien note, and the payment thereof, does not debar her from proving in this action that the proceeds of that judgment were, by plaintiff's agreement, applicable to the payment of the note in suit. If that agreement existed then, upon the payment of the judgment to plaintiff, the note in suit was *eo instanti* extinguished.

Sandford W. Battershall, in his answer, claims to recover the surplus upon the O'Brien note remaining after the payment of the two notes held by the plaintiff, and if the fact is that he was the owner of the O'Brien note at the time of its transfer to the plaintiff, no reason is apparent why his claim is not well founded or why it may not be asserted as a counterclaim in this action.

He certainly is not estopped by the judgment against Mrs. Battershall, but holds his equity of redemption in the proceeds of the note the same as he did in the note itself.

The counterclaim, although one cognizable by a court of equity, is properly pleaded in this action. (Code Civ. Proc. § 507.)

It does not, however, clearly appear in the testimony who owned the O'Brien note at the time of its transfer to plaintiff. On its face, title passed from Mrs. Battershall, its payee, to Trask & Co., and from that firm to the plaintiff. It may, however, have been the property of Sandford W. Battershall. The fact can be determined on a new trial.

The judgment must be reversed and a new trial granted, costs to abide the event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.