FOREST G. WEEKS, Appellant, *v.* JOSEPH BINNS, Respondent.

*Parol evidence — admissible to establish a contract, only in part reduced to writing.*

The rule which rejects parol evidence, when offered in respect to a written contract between parties, has no application to a case where a part only of the original agreement is in writing and the rest is verbal if the verbal part is not inconsistent with the portion in writing.

It was shown upon the trial of an action brought to recover the agreed value of certain carboys returned by the plaintiff to the defendant, that the plaintiff gave an order in writing to the defendant for certain carboys, which was accepted by the defendant in writing in the following language :

"*Dec.* 28, 1888.

" JOSEPH BINNS, 183 Pearl St., New York :

"You may enter an order for 140 carboys 66 brimstone acid at 95c. per 100 lbs., delivered F. O. B. cars at Mill 60 days breakage guaranteed. Shipment to be made Feby. 1st, with privilege to increase order to larger carload if Skaneateles Paper Co. wishes to go in. Yours,

" Accepted. F. G. WEEKS,
   " JOSEPH BINNS, C. G. W.
      " Per JOSEPH HARRINGTON."

After the written order was given the plaintiff's agent stated to the defendant's agent that the usual arrangement for returning the carboys would apply to the carboys in question, and he said it would, and the price to be paid for them should prevail. The witness added, " I had written the order and he had signed it before anything was said about the carboys; * * * I copied it in the letter book, and as I handed it to him I had the conversation about the carboys." The defendant's counsel moved to strike out the evidence. The motion was granted and an exception was taken.

The plaintiff in effect offered to show that it was well understood by both parties that he should be allowed the price that he paid for the carboys. It was conceded that the plaintiff paid a certain amount for each carboy, and in effect the

plaintiff offered to show that the amount that he was to get back was the same amount that he paid.

This was objected to by the defendant; the objection was sustained and an exception taken.

The defendant then moved "that plaintiff be nonsuited and the complaint be dismissed on the ground that there is no cause of action in the written contract, on the ground that it contains the whole agreement between the parties and cannot be varied by parol, and that, therefore, there is no evidence in the case to sustain the allegations of the complaint." The motion was granted and the plaintiff excepted.

*Held,* that the rulings of the trial court were erroneous, and the exceptions presented such error that upon an appeal from the judgment rendered therein a reversal thereof would be required.

APPEAL by the plaintiff, Forest G. Weeks, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 16th day of May, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Onondaga Circuit.

*F. E. Stone,* for the appellant.

*Goodelle & Nottingham,* for the respondent.

HARDIN, P. J. :

Plaintiff's complaint alleges that on or about August 1, 1891, at Skaneateles, he " sold, delivered and returned to defendant one hundred and seven of said carboys of the value and at the said agreed price of one dollar and fifty cents each, amounting to the sum of $160.50, and that defendant accepted and received the same at New York and paid the freight thereon for plaintiff, but has neglected and refused to pay therefor." Defendant, in his answer, admits " That on or about August 15, 1891, said plaintiff returned 107 of said carboys to the defendant." In defendant's answer it is alleged " That it is the custom of trade, with which plaintiff, as defendant is informed and believes, was well acquainted, to permit the purchasers of carboys to return the same within a year and to receive therefor $1.50 per carboy, but that if the carboys were not returned within a year to pay but seventy-five cents therefor, providing the same were in a good condition." By the evidence it appears that a written order was given by the plaintiff to and accepted by the defendant in the following language :

"*Dec.* 28, 1888.

"JOSEPH BINNS, 183 Pearl St., New York:

"You may enter an order for 140 carboys 66 brimstone acid at 95c. per 100 lbs., delivered F. O. B. cars at Mill 60 days breakage guaranteed. Shipment to be made Feby. 1st, with privilege to increase order to larger carload if Skaneateles Paper Co. wishes to go in.

"Accepted. Yours,

"JOSEPH BINNS, F. G. WEEKS,

"Per JOSEPH HARRINGTON." C. G. W.

The order was made by Charles G. Weeks, son of the plaintiff, acting as agent for the plaintiff, and Harrington was then salesman for the defendant and received the order at plaintiff's office at Skaneateles. Similar transactions had taken place between the parties during the year preceding. After the written order was given the plaintiff's agent stated to the defendant's agent " That the usual arrangement for returning the carboys would apply to these carboys that contained the vitriol, and he said they would. * * * And the price to be paid for them should prevail." It appeared in the evidence that the order had been signed before this conversation took place. The witness added, " I had written the order and he had signed it before anything was said about the carboys. * * * I copied it in the letter book, and as I handed it to him I had the conversation about the carboys." After this conversation had been stated, the defendant's counsel moved to strike out the evidence. The motion was granted and an exception was taken. The plaintiff in effect offered to show that it was well understood by both parties that he should be allowed the price that he paid for the carboys, to wit, one dollar and fifty cents for each. There was a concession that the plaintiff paid one dollar and fifty cents per carboy. The plaintiff, in effect, offered to show that the amount that he was to get back was the same amount that he paid. This was objected to by the defendant, and the objection was sustained and an exception taken. Thereupon the defendant moved " that plaintiff be nonsuited and the complaint be dismissed on the ground that there is no cause of action in the written contract, on the ground that it contains the whole agreement between the parties and can-

not be varied by parol, and that, therefore, there is no evidence in the case to sustain the allegations of the complaint." The motion was granted and the plaintiff excepted.

In *Batterman* v. *Pierce* (3 Hill, 172), where an action was brought upon a note, it was held that "parol evidence that it was given for the price of goods sold, and that, at the time of the sale, the plaintiff made a promise to the defendant in respect to the goods, which has been violated, is not objectionable as tending to alter, modify or impeach the note."

In *Unger* v. *Jacobs* (7 Hun, 221) it was held that "the law does not exclude parol evidence to show the further agreement of one party, because that of the other has been reduced to writing. A written agreement having been signed by one party, parol evidence may be given of an agreement made by the other party, as a consideration of the written contract.' In the course of the opinion in the case it is said : "The instrument executed by the defendant was designed to contain only the agreement made by him, which did not preclude him from showing what the plaintiffs had undertaken to do by so much of the agreement as was made on their part for the purpose of securing the benefit of it to himself in the action."

In *Duparquet* v. *Knubel* (24 Hun, 653) an action was brought to recover the price of a range placed by one Armour in a hotel owned by the defendant. Armour leased the hotel from the defendant and soon thereafter became dissatisfied with it and made an arrangement by which he surrendered the premises together with the range and other things to the defendant, he being indebted at that time to the plaintiffs for the purchase price of the range. The surrender of the premises was in writing and the instrument therefor "related by its terms only to the surrender of the leasehold premises. As part of the consideration inducing it, evidence was given tending to show that the defendant obligated himself to pay to the tenant the sum of $200, and also to pay to the plaintiffs the debt owing to them for the price of the range;" and in disposing of the case the court said : "As no provision was inserted in the instrument by which the surrender of the premises was made for the disposition of the range, it was entirely consistent with all that was contained in it to show the existence of the agreement alleged to have been made for the pay-

ment to the plaintiffs. This was a new subject-matter in no way whatever affected by or alluded to in the written agreement, and in no respect in conflict with any stipulation or recital contained in it. For that reason the plaintiffs were at liberty to show, as they endeavored to do by oral evidence, the existence of the agreement forming the basis of their recovery in this action. Parol evidence may always be given under such circumstances for the purpose of proving a separate and incidental agreement relating to matters neither contained in or alluded to by the terms of a contemporaneous writing." Numerous authorities are cited in support of the proposition laid down to which reference is hereby made.

In *Briggs* v. *Hilton* (99 N. Y. 517) it was held, viz. : " At the time of a negotiation between the parties for the sale by plaintiffs to defendants of certain goods, plaintiffs gave to defendants a writing which acknowledged the receipt of an order for the goods and stated a time of delivery and the price. Held, that defendants were not estopped thereby from proving a parol warranty as to quality ; that the instrument could not be construed as being the whole contract between the parties, but was simply in memorandum ; that even if it could be construed as embodying a part of the agreement and so conclusive as to that part, oral evidence was competent to show the rest." That case was referred to with approval in *Routledge* v. *Worthington Co.* (119 N. Y. 597), and in the latter case it is said : " The rule which rejects parol evidence, when offered with respect to a contract between parties and put into writing, has no application to a case like this, where, of the original agreement which has been executed, a part only is in writing and the rest was verbal."

The opinion delivered in *Woodard* v. *Foster* (64 Hun, 147) is in entire harmony with the cases to which we have just referred.

In the case in hand the oral agreement did not controvert nor was it inconsistent with the written order. (*Chapin* v. *Dobson*, 78 N. Y. 75 ; *Juilliard* v. *Chaffee*, 92 id. 529.)

In *Thomas* v. *Scutt* (127 N. Y. 140), in the course of the opinion, it was said that collateral agreements may be shown " because they are separate, independent and complete contracts, although relating to the same subject. They are allowed to be proved by parol because they were made by parol, and no part thereof com-

mitted-to writing." We think the rulings at the trial were erroneous and that the exceptions present errors which require a reversal.

MARTIN and MERWIN, JJ., concurred.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide the event.