(13 Misc. Rep. 45.)

### AUSTIN v. SOUTHWORTH.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. TRIAL—OBJECTIONS TO EVIDENCE—WAIVER.
    It is allowable to litigants to waive objection to incompetent evidence; and, the proof being in the case, the court must give it legal effect.

2. PAROL EVIDENCE—AMBIGUITY IN WRITING.
    Statements of the parties at the time and in the act of executing a written contract, if they do not alter its terms or legal effect, are receivable in evidence to elucidate an ambiguity as to the subject-matter of the agreement.

(Syllabus by the Court.)

Appeal from district court.

Action by William G. Austin against James H. Southworth. Judgment was entered in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Robert C. Taylor, for appellant.
A. G. Beyer, for respondent.

PRYOR, J. The National Cyclopedia of American Biography was in process of publication by James T. White & Co., plaintiff's assignors, when the defendant agreed in writing to take six volumes of the complete series of twelve, "which is to contain the biographical sketch and marginal vignette portrait of ———, at the price of ten dollars per volume, the subscription price per volume payable on delivery, upon the terms stated above." These terms were erased on the execution of the contract, and are not now apparent in the actual agreement. Whether the six volumes to be taken by defendant were to be paid for on the delivery of each or of all is not quite clear upon the face of the paper in its altered and imperfect condition; and, as but four volumes were delivered, it is a question if the action be not premature, because brought before complete performance by the plaintiff's assignors. Waiving this objection, however, and addressing ourselves to the point in litigation, we observe that the agreement is at once incomplete and ambiguous. It is incomplete in not specifying the portrait and biography to be contained in the volumes bespoken by the defendant, and is ambiguous in not designating which six volumes of the twelve constituting the entire set the defendant stipulated to take. The first defect is supplied by the testimony of the publishers, who admitted that the portrait and biography intended were the portrait and biography of the defendant.

The actual and the only question in controversy is, what particular volumes did the defendant agree to take? The plaintiff says the first six; the defendant says the six commencing with that which contained his portrait and biography. The volumes delivered were the first four issued; and in neither were the portrait and biography of the defendant inserted; nor is it apparent that they would be present in any of the first six volumes. Evidently, the moving consideration with the defendant in subscribing for the work was the publication in it of his portrait and biography; and it is equally manifest that the volume containing them was the one he particularly desired. But, if he got that, it would seem a matter of indifference to him whether the volume preceded or followed the others. It is impossible, therefore, to ascertain, from the face of the contract and the surrounding circumstances, the specific subject-matter of the agreement between the parties. If this be so,—if there be an inexplicable ambiguity as to the subject of the contract,—then there is no contract, and the action is defeated, because the justice was authorized to find that the defendant tendered a return of the delivered volumes. Sutter v. Vanderveer, 122 N. Y. 652, 654, 25 N. E. 907.

But a contract was certainly intended by the parties, and, if practicable, we are to identify its subject-matter, ut res valeat. The undisputed fact is that the agent of the publishers agreed orally with the defendant that the six volumes sold to him were to commence with the one containing his biography. No objection in advance to proof of this fact was made, and no exception was taken to the denial of a subsequent motion to strike it out. It is allowable to litigants to waive objection to incompetent evidence; and, the proof being in the case, we are bound to give it legal effect. The parties having agreed, therefore, to reciprocally sell and buy the six volumes of the book commencing with the one containing the biography, the defendant is under no obligation to take or pay for other and different volumes. Even had objection been seasonably interposed to the evidence, and due exception taken to the refusal to strike it out, the ruling of the justice would not have been error. The evidence nowise contradicted the written contract, because the written contract was silent as to the specific volumes agreed to be furnished and taken. "A latent ambiguity is where you show that words apply equally to two different things or subject-matters; and then evidence is admissible to show which of them was the thing or subject-matter intended." Alderson, B., in Smith v. Jeffryes, 15 Mees & W. 561. Statements of the parties at the time and in the act of executing a written contract, if they do not alter its terms or legal effect, are receivable in evidence to elucidate an ambiguity as to the subject-matter of the agreement. "If the written words raise an ambiguity or create a doubt, that is dispelled by the parol proof which shows the construction put upon the instrument by the parties at the time. Such proof is admissible if the writing be ambiguous." Dodge v. Zimmer, 110 N. Y. 43, 48, 17 N. E. 399. "If the terms of a written contract be so obscure or ambiguous as not to be understood without adventitious light, then evidence, not only of the surrounding circumstances, but of the acts and conversations of the parties [in making the contract], is competent to illustrate their intention." Campbell v. Jimenes, 3 Misc. Rep. 516, 518, 23 N. Y. Supp. 333. The contract under criticism may also be deemed incomplete, in omitting to designate which of the 12 volumes were to be taken by the defendant; and thus the proof be competent under another exception to the general rule against parol evidence to alter a writing. Weeks v. Binns, 85 Hun, 70, 32 N. Y. Supp. 644; Vickers v. Battershall, 84 Hun, 496, 500, 32 N. Y. Supp. 314. The order regarded by appellant as constituting the contract between the parties is signed only by respondent; and the "notice" subscribed by James T. White & Co. only interdicts agreements "affecting the terms" of the contract. Those terms are not affected by proof aliunde which merely identifies the subject-matter of the contract.

Judgment affirmed, with costs. All concur.