LEONARD DODGE, Respondent, v. NANCY ZIMMER, Appellant.

Defendant, as executrix of the will of her deceased husband, under which she was the principal beneficiary, presented the same for probate. This was contested, and pending the litigation she transferred to plaintiff, by written assignment, "all her right, title and interest, and all claims of every name and nature which she has or are known to her, or may exist in her favor against the estate * * * by way of legacies, dower thirds, moieties or otherwise." The writings stipulated that plaintiff might continue the proceedings and have a decree of probate, or denial of probate, as he pleased. Defendant had agreed with her attorney to pay him for his services a specified sum, in addition to any costs allowed by the surrogate. The attorney proceeded with the litigation to a decree, which charged the costs of the proponent upon the estate. Plaintiff, who was temporary administrator of the estate, paid the amount of costs to the attorney. In an action to recover back the sum so paid plaintiff was permitted to show that at the time of the execution, and before delivery of the papers, defendant expressly agreed to pay the attorney *Held, first,* that whatever claim defendant had against the assets of the estate, to be reimbursed for her expenses paid or incurred in the litigation, was covered and transferred by the assignment, and it became her duty to pay the attorney without recourse to the estate, and thus discharge his lien upon the cause of action assigned; *second,* if there was any ambiguity, it was dispelled by the parol evidence, which was competent for that purpose; *third,* that, as establishing a valid independent collateral agreement, the evidence was admissible.

Also, *held,* that the oral agreement to pay was not invalid under the statute of frauds; it was not an agreement by defendant to pay the debt of another, but to pay her own debt and discharge the lien of the attorney created thereby upon the estate.

Also, *held,* that while, as against defendant, plaintiff could have prevented the collection of the costs out of the estate, as against the attorney he could not; and as the payment was necessary to relieve the estate of the lien, it was compulsory; and having thus been compelled to pay what defendant was bound to pay, plaintiff was entitled to recover it back from her.

(Argued May 1, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made April 20, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover the sum of $738.45 paid by the plaintiff to James C. Beecher, Esq., an attorney, upon a decree of the surrogate of Erie county in the matter of proving the last will of Rudolph Zimmer, deceased, award-ing said sum of $738.45 as costs to the defendant herein, as executrix of said will, and directing that said costs be paid out of the estate of said deceased, which decree was by the defendant duly assigned to said Beecher and by him assigned to the plaintiff upon his payment to Beecher of said sum of $738.45.

Rudolph Zimmer was the husband of the defendant; he died, leaving a will, in which he designated the defendant as sole executrix, and bequeathed to her the larger portion of his property; defendant offered said will for probate, where-upon some of the heirs appeared and opposed the probate upon the ground that the deceased was not of sound and dis-posing mind when he made it, and upon other grounds. Before presenting the will for probate defendant retained said Beecher as her attorney to conduct the proceedings, and for such purpose entered into an agreement with him, providing that Beecher was to be paid by her the sum of $500, in addi-tion to any counsel fee and costs awarded in said Surrogate's Court in the said proceedings to the proponent of said will, out of the estate of said deceased. The agreement also pro-vided that " if said proceeding is in any manner settled before the said will is admitted to probate, by withdrawing said pro-ceeding or otherwise, or if said will is admitted without contest, then this agreement is to stand, and said sum is to be paid by said Nancy Zimmer the same as if said probate had been contested."

Pending the proceedings before the surrogate defendant transferred and assigned all her interest in the estate to plaintiff, she executing to him quit-claim deeds and an assignment by the terms of which she sold and assigned to plaintiff "all her right, title and interest, and all claims of every name and nature which she has or are known to her or may exist in her favor against the estate of Rudolph Zimmer * * * by

way of legacies, dower, thirds, moieties or otherwise in any or all the property, real or personal, of which said Rudolph Zimmer died seized. The assignment also contained a clause authorizing plaintiff "either to continue the proceeding for the probate of said will and to have the same admitted to probate," or at his option to have a decree entered denying probate. The attorney, Mr. Beecher, was not present when the assignment was executed, and knew nothing of the transaction until after it was executed. Plaintiff was allowed to prove, under objection and exception, that before the delivery of the deeds and assignment, and before payment of the agreed consideration, it was stated by defendant's counsel, in answer to a query from plaintiff, that the payment "took care of Mr. Beecher's claim" for costs. The $500 stipulated was paid Beecher out of the sum paid for the transfers. The proceedings before the surrogate were continued and resulted in a decree refusing to admit the will to probate, but directing the costs of defendant, as executrix and proponent of the will, which were allowed at the said sum of $738.45, to be paid out of the estate. Defendant assigned the decree for costs to Mr. Beecher, who demanded payment thereof from plaintiff, who had been appointed and was then acting as temporary administrator; he paid the same, taking an assignment thereof.

*F. Brundage* for appellant. The agreements being perfect on their face, and, when read in the light of the surrounding circumstances, needing nothing to show that they were intended to express the whole contract, could not be varied by parol proof. (*Eighmie* v. *Taylor*, 98 N. Y. 288, 294–297; 1 Abb. Ct. App. Dec. 461; *Marsh* v. *McNair*, 99 N. Y. 174.) A written agreement can no more be varied or contradicted in respect to its legal effect than it can in respect to its express terms. (*Thompson* v. *Ketcham*, 8 Johns. 190; *Pattison* v. *Hull*, 9 Cow. 747; *La Farge* v. *Rickert*, 5 Wend. 187; *Renard* v. *Sampson*, 2 Duer, 285; *Bissicks* v. *Fayette*, 21 Daily Reg., No. 65, 1882; *Green* v. *Collins*, 86 N. Y. 246, 254; *Menagh* v. *Whitwell*, 52 id. 146; *Staats* v. *Bristow*, 73

id. 264.) The agreement, if made, was void by the statute, being an agreement to pay the debt of another. (*Seaman* v. *Whitehead*, 78 N. Y. 306.) Beecher had no claim against the estate. (*Seaman* v. *Whitehead*, 78 N. Y. 306.) The payment to Beecher was a voluntary payment and cannot be recovered back. (*Scholey* v. *Halvey*, 72 N. Y. 578; *Lott* v. *Sweezey*, 29 Barb. 87, 91, 93; 4 Abb. Dig. 383; id. "Voluntary Payments," 113–115.) A party cannot appear in one court and interpose his claims to recover, or to prevent a recovery, and, when defeated in that court and its judgment has passed against him, maintain an action in another court upon the claims thus sought to be established, ignoring the judgment standing against him unreversed. (*Pray* v. *Hegeman*, 98 N. Y. 351, 358; *Inslee* v. *Hampton*, 11 Hun, 156; *Dunham* v. *Bosser*, 77 N. Y. 76, 80; *Stillwell* v. *Carpenter*, 2 Abb. N. C. 238, 263, 272, 273; *Griffin* v. *Long I. R. R. Co.*, 102 N. Y 449; *Jay* v. *De Groot*, 2 Hun, 205, 207; *Castle* v. *Noyes*, 4 Kern. 329, 331, 332; *In re Dolan*, 88 N. Y. 320.)

*Adelbert Moot* for respondents. The circumstances having been changed by the absence of Beecher, and the written contract having been thus rendered inapplicable, it was competent to show by parol its conditions. (*Chapin* v. *Dobson*, 78 N. Y. 74.) As Beecher was defendant's attorney and acted on her retainer alone throughout the will contest, as his agreement with defendant, the surrogate's decree and his own testimony conclusively show, his claim for costs and counsel fees was a charge against her, both by reason of the contract between them and also as a matter of law. (*Seaman* v. *Whitehead*, 78 N. Y. 305; Code, §§ 2558, 2561; *Bellows* v. *Sawles*, 1 East. Rep. 268.) When Nancy Zimmer undertook to collect the claim in her favor against the estate, as she did by the decree and assignment of it to Beecher, and when she succeeded she broke her contract, and the amount Dodge was thereby compelled to pay can be recovered in this action as damages for the breach of this contract, or as money had and received to her use. (*Hisner* v. *Bulkly*, 15 Wend. 321;

*Clinton* v. *Strong*, 9 Johns. 370; *Britton* v. *Frink*, 3 How. Pr. 102 [Ct. App.]); *Moulton* v. *Bennett*, 18 Wend. 586; *Myer* v. *Clark*, 45 N. Y. 284; *Schooley* v. *Halsey*, 60 id. 489; 64 id. 521; 72 id. 578; *Moses* v. *Macferline*, 2 Burr. 1009.) The circumstances of this case fully warranted the finding that it was understood Nancy was to pay Beecher's full "claim," and parol evidence was admissible to establish the agreement. (*Chapin* v. *Dobson*, 78 N. Y. 74; *Hope* v. *Balin*, 58 id. 380; *Rozier* v. *N. Y & Phil. R. Co.*, 15 Week. Dig. 99; *Wallis* v. *Little*, 103 Eng. Com. L. 368; *Lindley* v. *Lacy*, 112 id. 578; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Juilliard* v. *Chaffe*, 92 id. 529–535.) One may show that the whole of a judgment that he has paid should be paid by another. (*Lloyd* v. *Barr*, 11 Pa. 41; Freeman on Judgments, § 158.) The surrogate's decree is not *res adjudicata*. (*Ferguson* v. *Crawford*, 70 N. Y. 253; 1 Kent [12th ed.] 260, 261; Stephens on Ev. §§ 41, 42, 43, 44.) As Dodge was not a party to the proceedings, he could not confer jurisdiction on the court by consent, and so the decree does not bind him. (*Wilmore* v. *Flock*, 96 N. Y. 512; *Fairchild* v. *Lynch*, 99 id. 361, 368; *Lorillard* v. *Clyde*, id. 196.) Had Dodge been a party the decree would not be a bar here, because the point was not involved, considered or decided, and the decree of the surrogate does not conflict with the verdict in this action, but the verdict only settles rights under a collateral contract. (*Marsh* v. *Marston*, 101 N. Y. 401; *Davis* v. *Crandall*, id. 311; *Johnson* v. *Meeker*, 96 id. 99; *Marston* v. *Olcott*, 101 id. 152.)

Finch, J. Upon the facts of this case there is no doubt of the justice of the plaintiff's claim. The purchase of the interest of Nancy Zimmer was intended to end a lawsuit over the will, and not to prolong it into a bill of of costs against the estate; and with the express understanding that out of the purchase money she should pay her attorney and extinguish his claim. The truth of this is not denied by those who could have denied it if it was a falsehood. That fact accords with the tenor and legal effect of the papers executed. They transferred

to plaintiff the entire right and interest of Mrs. Zimmer against the estate. Growing out of the contest over the will, she had an inchoate and contingent claim against the assets to be reimbursed for her expenses paid or incurred in the litigation. That claim might or might not be allowed by the surrogate, dependent upon his judgment of her good faith; but, whatever it was or might prove to be, it was covered by the words, " all her right, title and interest, and all claims of every name and nature which she has or are known to her, or may exist in her favor against the estate of Rudolph Zimmer, deceased, * * * by way of legacies, dower, thirds, moieties or *otherwise*."

If the latter words raise an ambiguity or create a doubt, that is dispelled by the parol proof which shows the construction put upon the instrument by the parties at the time and the action taken under it. Such proof was admissible if the writing was ambiguous. (*Griffiths* v. *Hardenbergh*, 41 N. Y. 464.) It did not contradict or vary the assignment, but showed how the parties understood its terms and relieves it of all ambiguity. The appellant, however, does not seem to dispute the construction we have asserted. I understand him to concede fully and distinctly that the writing transferred to plaintiff all Mrs. Zimmer's right to reimbursement for the charges of her attorney so far as they had been incurred. It thus became her duty to pay him and without recourse to the estate. Her transfer extinguished any right to get his pay out of the assets and left her sole debtor for the amount of his charges. She promised, in substance, to pay that debt. The jury so found upon a submission to them of that single question. The plaintiff required that she should do so, not as an essential term of his purchase, which would be effective between the parties without it, but as a further and collateral guard against an outside claim of the attorney. Beecher, who had conducted the contest in behalf of Mrs. Zimmer, had a lien upon her cause of action and upon any judgment which might be rendered against the estate. It was not contemplated that one should be, for the writing stipulated that plaintiff

might continue the proceedings and have a decree of probate or denial of probate as he pleased. The manifest purpose was to allow him to control the proceedings; but Mrs. Zimmer could not settle so as to cut off Beecher's rights, and the only mode of accomplishing that was for defendant to pay him and so extinguish his lien; and that she agreed to do.

I think that was an independent collateral agreement, and so was valid and admissible, although by parol. (*Chapin* v. *Dobson*, 78 N. Y. 74; *Eighmie* v. *Taylor*, 98 id. 288.) It answers very closely to one of the exceptions conceded to exist in the case last cited, viz., "a stipulation which assumed that agreement precisely as indicated by the writing, but dealt with a possible contingency in the future, as to which a separate or suppletory agreement was made." Assuming the contract of purchase and sale to stand and remain unchanged in all its terms, it looked forward to a possible contingency in the action of a third person which might put in peril the terms as they stood, and, by such suppletory parol agreement, sought to avert the danger and guard against it. There was no error, therefore, in the admission of the evidence. Nor did the statute of frauds render it invalid because an agreement to pay the debt of another, and not in writing. It was a promise by Mrs. Zimmer to pay her own debt to Beecher. It does not answer the plaintiff's claim to say that the promise covered only the counsel fee which was, in fact, paid Beecher out of the purchase-money. The defendant's agreement was to "take care of Beecher." The money paid was to effect that result, and he, as a disturbing or dangerous element by reason of his rights, was to be taken out of the case. The payment made to Beecher was not voluntary. As the representative of Mrs. Zimmer, and we must assume with her knowledge and consent, he proceeded with the litigation to a decree which charged the costs of the proponent upon the estate. His lien upon them attached at once, and while, as against Mrs. Zimmer, the plaintiff could have prevented their collection out of the estate in his hands, yet, as against Beecher, he could not,

and the payment was compulsory and to relieve the estate from the lien. He was thus compelled to do what was the defendant's duty, and what she agreed to do, and is entitled to recover the amount so paid of Mrs. Zimmer. He was not a party to the proceeding before the surrogate in any such sense as to bar his present right of action.

Other objections to the recovery have been examined and considered, but need not be discussed.

The judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.