### NICHOLAS v. McINTIRE et al.

(Supreme Court, General Term, Fifth Department.    October 21, 1892.)

1. CONTRACT—CONSIDERATION—AGREEMENT TO EMPLOY.
    Where defendants, in order to furnish a boarding house for their employes, agreed to give plaintiff work if he would rent his house for such purpose to A., a lease by plaintiff of his house to A. for the purpose named is a good consideration for defendants' promise to employ him.
2. GUARANTY—SCOPE AND EFFECT.
    Defendants, in consideration of plaintiff's letting the house, agreed in writing to be security for the payment of the rent and performance of the covenants in the lease, one of which was that the lessee should pay for any damage done to the premises during his tenancy.    The final clause of defendants' guaranty was to the effect that, if the lessee should make any default, defendants agreed to fully satisfy the condition of the agreement, "to the amount of $560, or until January the first, 1891."    *Held*, that the terms of such guaranty were sufficiently broad to cover damages done to the premises during the tenancy, as well as the payment of the rent.

Appeal from judgment on report of referee.
Action by Henry Nicholas against John E. McIntire and James McIntire for an alleged breach of promise in failing to give plaintiff work, and a failure to pay him damages for injuries done to a house rented by him, at defendants' request, to one Armstrong.    Judgment for plaintiff. Defendants appeal.    Affirmed.

Defendants, in order to furnish a boarding house for their employes, agreed to give plaintiff employment as foreman in their works if he would rent his house for that purpose to a tenant,. to be named by them. Plaintiff leased his house to one Armstrong, a person designated by defendants, according to agreement, for the term of one year, commencing May 19, 1890, and defendants entered into the following agreement in writing:

"For and in consideration of the letting of the premises within described, and for the sum of one dollar, I hereby become security for the punctual payment of the rent and performance of the covenants in the within written agreement mentioned to be paid and performed by James Armstrong; and, if any default shall be made therein, I do hereby promise and agree to pay unto Henry Nicholas any deficiency, and fully satisfy the conditions of the said agreement, without requiring any notice of nonpayment or proof of demand being made. To the amount of five hundred and sixty dollars, or until January the first, 1891. Given under my hand this 16th day of May, 1890.                    J. E. McIntire & Co."

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

M. Fillmore Brown, for appellants.
Edward T. Durand, for respondent.

LEWIS, J. The claim of the plaintiff for damages for breach of the contract to furnish him employment was established by the evidence. The lease to Armstrong furnished a good consideration for the promise of defendants to employ the plaintiff. The breach of the agreement on the part of the defendants, and the damages sustained, were proven.

The terms of defendants' guaranty that Armstrong would perform the covenants of the lease are sufficiently broad to cover the payment of the rent up till January 1, 1891, and also any damages which might follow by the failure of Armstrong to leave the premises in as good condition as they were when taken.

The rent Armstrong paid, but he failed to perform the covenant as to repairs. If the words appended to the guaranty, to wit, "to the amount of five hundred and sixty dollars, or until January the first, 1891," are to be construed as limiting the defendants' liability for the payment of rent that should accrue by the 1st of January, 1891, it did not relieve them from their liability to pay damages for the breach of Armstrong's covenant in regard to repairs. The parol evidence shows that the defendants agreed to guaranty that Armstrong should perform the last-mentioned covenant; and, if the clause quoted created any ambiguity, it was proper to resort to parol evidence to relieve the guaranty of such ambiguity. Dodge v. Zimmer, 110 N. Y. 43, 17 N. E. Rep. 399. The report of the referee is sustained by the evidence, and we find no reason for a reversal of the judgment.

The judgment appealed from should be affirmed. All concur.