FRANK McCLANATHAN and Another, Respondents, *v.* WILLIAM FRIEDEL and Another, Appellants.

*Ambiguous contract — interpreted by the action taken under it — contract to work a week of " seven days."*

If the language of a writing is ambiguous or indefinite, the practical interpretation of it by both parties is a consideration of importance, and there is no surer way to find out what the parties meant by a contract than to see what they have done thereunder.

Where, by a contract, it was in effect agreed that for the work of seven days constituting a week, from a certain time to a certain time, one of the parties thereto should be guaranteed and receive a certain compensation to be paid weekly, the contract cannot, consistently with the intent of the parties, be construed to give an option to the party to whom the guaranteed amount was to be paid to work on Sundays or not, as he chose.

Where the number of days is a material element in a contract of guaranty, effect must be given to the words " seven days," and it cannot be held as a matter of law that the same should be construed not to include services to be performed on Sundays.

APPEAL by the defendants, William Friedel and another, from a judgment of the County Court of Onondaga county in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 19th day of February, 1894, upon the verdict of a jury, with notice of an intention to bring up for review upon such appeal an order entered in the clerk's office on the 27th day of February, 1894, denying the defendants' motion for a new trial made upon the minutes.

The action was commenced on the 3d day of August, 1893, in the Municipal Court of the city of Syracuse, and, from a judgment there obtained by the plaintiffs, appeal was taken to the Onondaga County Court.

The action was brought to recover two installments, one due July 24, 1893, and the other July 31, 1893, on a contract of which the following is a copy:

" SYRACUSE, N. Y., *June* 25, 1893.

" This contract certifies that Mr. Frank McClanathan & Co. and Friedel & Gebhardt, this 25th day of June, 1893, for which Mr. McClanathan & Co. agree to put their merry-go-round at Salina Pier, for which Friedel & Gebhardt guarantee them one hundred

and fifty dollars ($150.00), furnish coal and board two men, to average this seven days or one week from July 1, 1893, to Sept. 15, 1893, the money to be paid every Monday of every week.

" FRIEDEL & GEBHARDT,

"FRANK McCLANATHAN & CO."

*William Nottingham* and *Costello & Welch*, for the appellants.

*Waters, McLennan & Waters*, for the respondents.

MERWIN, J. :

One of the defenses set up by the defendants is that the consideration of the weekly payment to be made or guaranteed by the defendants was in part for services to be performed on Sunday, and that the agreement in substance required the service to be so performed, and that, therefore, the contract, under which plaintiffs claim, is illegal and void. It is not disputed that this result follows, provided the agreement is to be construed as requiring the machine to be run on Sunday. It was held by the trial court as matter of law that the agreement should not be so construed, and that the contract, so far as this question was concerned, was a legal one. The appellants claim that this ruling was erroneous.

The contract is dated June 25, 1893, and that day was Sunday. It is, however, shown that it was in fact executed on Monday, June twenty-sixth. The defendants had a pavilion and a saloon or restaurant near Salina pier on Onondaga lake, and it was understood by the parties that the plaintiffs' machine was be placed near the defendants' place of business, and it was so placed. It was run by steam power, an engine, and there was an organ connected with it. The machine commenced to run, according to the evidence on the part of plaintiffs, on Sunday, the second of July, and continued to run every day, including Sundays, up to about the eighteenth of July, when practically it stopped by reason of the failure of defendants to furnish coal for the engine. Whether the plaintiffs were without fault, and were ready to perform on their part for the time covered by the claim in this action, were questions litigated at the trial and found by the jury in favor of the plaintiffs. On the fifth of July the defendants paid the plaintiffs $150 for the first week's

payment. The defendants assisted in running the machine to the extent of selling the tickets.

By the contract it was in effect agreed that for the work of every seven days constituting a week, from a certain time to a certain time, the plaintiffs should be guaranteed and receive a certain compensation. This was to be paid weekly, and, therefore, it must necessarily have been the intention that every day in the week should be occupied. It was seven days' work in a week, the earnings of which were guaranteed at a certain amount and to be paid for weekly. In this view the contract could not, consistently with the intent of the parties, be construed to give an option to plaintiffs to work on Sunday or not, as they chose. The number of days that the machine ran was a material element in the guaranty, and effect should be given to the words "seven days."

If the language of a writing is ambiguous or indefinite, the practical interpretation of it by both parties is a consideration of importance. ( *Woolsey* v. *Funke*, 121 N. Y. 92 ; *Dodge* v. *Zimmer*, 110 id. 48.) As said in *Insurance Co.* v. *Dutcher* (95 U. S. 273): "There is no surer way to find out what parties meant than to see what they have done." In the present case it is undisputed that the machine was in fact run upon Sundays during the time it was run under the contract.

We are of the opinion that the trial court erred in holding as matter of law that, so far as this question was concerned, the contract was legal. The judgment must, therefore, be reversed.

HARDIN, P. J., and MARTIN, J., concurred,

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.