# 616    DECISIONS IN CASES NOT REPORTED.

The interlocutory judgment makes provision for the plaintiffs' claim and for the costs and disbursements, and for an additional allowance, should one thereafter be granted. It also contains provisions protecting and providing for the payment of the other creditors, including these appellants. The interlocutory judgment that was entered upon the report of the referee, to hear and determine, appointed Hon. W. B. Edwards referee, to take proof of claims of creditors who had not already proved their claims. The referee died November 23, 1893.—

HARDIN, P. J.: Plaintiffs have appealed from that portion of the order which allows a discontinuance of the action. They also appeal from that portion which provides that, in case the money is not tendered to the plaintiffs' attorneys, an order may be entered discontinuing the action, "together with $10.00 costs of the motion, and $60.00 costs of said reference." Inasmuch as we have in considering the questions raised in respect to the same order in the case heard at this same term between Salisbury et al. and the Binghamton Publishing Company (see *ante*, p. 99), and have, according to the views expressed in our opinion, reached the conclusion that the order should be reversed in that case, we think the same views should be applied to the appeal in this case, and that the portions of the order appealed from should be reversed. The portions of the order appealed from reversed, with ten dollars costs and disbursements. Martin and Merwin, JJ., concurred.

Frank McClanathan and Another, Respondents, v. William Friedel and Another, Appellants.— Judgment and order reversed and a new trial ordered, with costs to abide the event.

Dorah E. Grubert, Appellant, v. The Delaware, Lackawanna and Western Railroad Company, Respondent. — Judgment affirmed, with costs.

Edgar B. Owens, Respondent, v. John Cable and Others, Appellants. — Motion for a new trial denied, with costs, and appeal from the judgment dismissed, without costs.

Emma F. Nelson, Respondent, v. The Village of Oneida, Appellant. — Judgment and order affirmed, with costs.

Almon H. Houghton and Another, Administrators of John Senecal, Appellants, v. The Thousand Island Steamboat Company (Limited), Respondent. — Motion for reargument denied.

Almon H. Houghton and Another, Administrators of John Senecal, Appellants, v. The Thousand Island Steamboat Company (Limited), Respondent. — The order, so far as appealed from, reversed, with ten dollars costs and disbursements.

The German Vici Company, Appellant, v. Kilian Krause, Respondent.— Order affirmed, with ten dollars costs and disbursements.

David B. Cooke, Respondent, v. Lizzie M. Chase, Personally and as Executrix of the Last Will and Testament of Horace B. Stetson, Deceased, Appellant. — Judgment affirmed, with costs, on the opinion of Parker, J., with leave to amend upon payment of costs of the demurrer and of the appeal.

Chester L. Dalrymple, Respondent, v. Albert C. Parker, Appellant. — Judgment and order reversed, and a new trial ordered, with costs to abide the event. Held, that whether there was a warranty was a question for the jury.

Earl D. Ostrom, Appellant, v. Fred. D. Squires, Respondent. — Motion denied.

In the Matter of the Removal of Charles O. Hoagland as Police Justice of the Village of Waverly. — Report of referee confirmed, and application denied. Disbursements for

stenographer and referee of $140.90 having been paid by the petitioner, no further costs or expenses are allowed. Papers to be filed, and order entered with the clerk of Tioga county.

In the Matter of the Judicial Settlement of the Accounts of Emily C. Shipman, Deceased, Executrix of Azariah B. Shipman, Deceased. — Motion denied, with ten dollars costs.

George B. Robbins, Respondent, v. William Grimes, Appellant. — That part of the judgment and order appealed from affirmed, with costs.

Edward K. Clark, Appellant, v. The City of Binghamton and The Board of Street Commissioners of the City of Binghamton, Respondents. — Judgment reversed, and a new trial ordered, with costs to abide the event. Held, that the plaintiff's qualified assent to the paper signed by the other property owners on Front street did not operate as a dedication of the plaintiff's property that was within the lines of the proposed addition to such street.

In the Matter of the Probate of the Last Will and Testament of Abram Tompkins, Deceased. George M. Tompkins, Executor, etc., Appellant; Charles W. Tompkins and Another, Respondents. —Decree of the Surrogate's Court affirmed, with costs to the respondents payable out of the estate.

Joseph Rudd, Jr., as Receiver, etc., Respondent, v. William Vail, Appellant, Impleaded, etc. — Interlocutory judgment affirmed, with costs, with leave to answer upon payment of the demurrer and of this appeal.

Anna Osman and Another, Appellants, v. Henry J. Teeter, Respondent. — Judgment and order reversed and a new trial ordered, with costs to abide the event. Held, that the evidence shows a sufficient consideration for the note.

U. H. Wheeler, Respondent, v. L. M. Peters, Appellant. — Judgment affirmed, with costs.

The People of the State of New York ex rel. Onondaga County Savings Bank and the County of Onondaga, Appellants, v. James Butler, Respondent. — Judgment affirmed, with costs.

Julia T. Munroe, Appellant, v. Jacob Crouse and Others, Respondents. — Order reversed, with ten dollars costs and disbursements. Exceptions to the report of the referee overruled, and report of referee confirmed, with ten dollars costs and disbursements, and final judgment ordered in accordance with the report of the referee, with costs, with leave to plaintiff to apply at Special Term for an extra allowance before entry of final judgment. Judgment to be settled before Hardin, P. J.

Samuel Branaugh, Appellant, v. Theodore Basselin, Respondent. — Interlocutory judgment reversed, without costs of appeal to either party, and demurrer overruled, with costs, with leave to defendant to answer on payment of costs of the demurrer. Appeal from an interlocutory judgment sustaining a demurrer to the complaint. The ground of the demurrer was that the complaint did not state facts sufficient to constitute a cause of action. —

*Mem.* PER CURIAM: We are of the opinion that the twelfth clause of the contract between the parties should be construed to mean that if, excluding the 1,000 cords therein reserved, there should not be as much as three cords per acre, then the defendant agreed to pay to the plaintiff one dollar per cord for the said 1,000 cords, to the extent only that the said lands failed to produce the said three cords per acre, and that, therefore, the liability of the defendant under said clause would not in any event exceed the sum of $1,000. We are, also, of the opinion