(12 Misc. Rep. 167.)

ALBANY BRASS & IRON CO. v. HOFFMAN.[1]

(Supreme Court, Special Term, Albany County.   April 25, 1895.)

1. DISCOVERY—INSPECTION OF BOOKS.
    A petition for an inspection of plaintiff's books, to enable defendant to frame his counterclaim, will be granted, where it states that the proposed counterclaim, which is not connected with plaintiff's cause of action, is for commissions on the sale of certain goods manufactured by plaintiff, that many thousands of dollars worth of said goods have been manufactured and sold by plaintiff, and that the inspection is necessary to enable him to ascertain the amount of said commissions.

2. SAME—DEMAND.
    An order of a county judge for the inspection of books, or to show cause, with a refusal of the party to allow the inspection, takes the place of a demand and refusal.

[1] Affirmed.   See 33 N. Y. S. 1125.

Action by the Albany Brass & Iron Company against Charles Hoffman for goods sold and delivered. Upon the petition, defendant moves for an order for the inspection of plaintiff's books. Granted.

Robert G. Scherer, for plaintiff.

Francis B. Delehanty, for defendant.

HERRICK, J. This is an application on the part of the defendant for an order for the inspection of the plaintiff's books of sales. The action is brought by the plaintiff against the defendant for goods sold and delivered. The petition of the defendant sets forth that his answer will consist of—First, a general denial; second, a counterclaim. He alleges that heretofore one Sullivan, now the general manager of the plaintiff, entered into an agreement with one William E. Delehanty, whereby the said Delehanty was to receive commissions upon the sales made by said Sullivan of waste-water traps; that such contract was assumed by the plaintiff upon its incorporation; that, before the commencement of this action, the defendant had become the owner, by assignment, of all claims and demands which Delehanty had at that time against the plaintiff under such agreement for commissions upon the sales of said waste-water traps, and alleges that neither Delehanty nor the defendant have ever received from Sullivan or from the plaintiff anything from the sale of said traps, or any part or portion of the commissions due upon such sales, but alleges that said Sullivan and the plaintiff have manufactured and sold many thousands of dollars worth thereof, and the amount of such commissions, so due to the defendant under such agreement, he proposes to set up as a counterclaim against the claim of the plaintiff for goods, wares, and merchandise; and that, in order to enable him to ascertain the facts in relation to such sales and amount of commissions, it is necessary for him to have an inspection of the books of sales. Upon the petition of the defendant setting up these facts, the county judge of Albany county made an order directing the plaintiff to give the defendant, his attorney and accountants, a discovery and inspection, and permission to take copies, of such parts of the defendant's daybooks, cashbooks, ledgers, or of any such books or papers as related to the sale or sales of the waste-water traps referred to in the petition and the complaint; specifying the time and place where such inspection and discovery was to be had, or, in default thereof, to show cause at this special term of the supreme court. A counterclaim is a claim upon which a separate and distinct action might be commenced in favor of the defendant and against the plaintiff. It should be set forth in the same manner that a cause of action should be stated in a complaint. It is, in effect, an action in favor of the defendant and against the plaintiff. In order to enable the defendant to properly frame it, he is entitled to all the facilities that he would have been entitled to if he had commenced a separate and distinct action upon it against the plaintiff, wherein he would have been the plaintiff, and the plaintiff in this action the defendant. The inspection sought here is one "relating to the merits of the action," within the meaning of section 803 of the Code of Civil Procedure. As a matter of plead-

ing, it is important that its amount should be stated, so that it can be seen whether the counterclaim exceeds or is less than the claim of the plaintiff set forth in the complaint. To enable the defendant to state the amount of his counterclaim with any degree of accuracy, of course it is necessary that he should know the amount of sales made by the plaintiff. He says that no account of such sales has ever been rendered to him or to his assignor. I do not think that, under the circumstances, the court can consider this merely as a "fishing excursion" for evidence, although, like all cases for the inspection of books or documents, it necessarily enables the party to procure evidence, or satisfy himself of the lack of it. While the plaintiff in his petition is able to state the terms of the contract under which his assignor was to receive commissions, and is enabled to allege that they have sold many thousands of dollars worth of the water traps, still information which proceeds no further than that is not sufficient to base a good pleading upon. And, where the necessary information to perfect his pleading is contained in books or documents in the exclusive possession of his adversary, I think that he is entitled to inspect such books and documents in order to gain the necessary information. My attention has been called to the case of Gross v. Bock (Sup.) 1 N. Y. Supp. 263, where it was held that the court would not grant an order for inspection, in the absence of proof of a demand for such inspection, and a refusal. It was placed upon the ground that the court should not be vexed with unnecessary applications, it appearing upon the argument in that case that the adverse party was willing that the party seeking the inspection should have free access to the books sought to be examined. In this case no such willingness has been expressed, and the plaintiff had an opportunity to comply with the defendant's desire for an inspection before the matter was brought to this court. As first herein stated, the county judge made an order for the inspection, coupled with an order to show cause, in the event of the plaintiff's refusal to grant such inspection. The plaintiff declined to grant it, but appeared here upon the order to show cause why an order should not be made compelling him to allow his books to be inspected.

I think the order of the county judge, with the refusal of the plaintiff to comply with it, takes the place of a demand and a refusal, which makes it both proper and necessary for the court to interpose. No objection has been made to the terms and conditions under which said inspection is to be made. The order is therefore granted, with $10 costs, to abide event of the action.