pointing the commissioners should be reversed and appraisal vacated .and the order of confirmation reversed, it is unnecessary to pass upon the questions presented by the appeal herein, and the order should be vacated and set aside. Order denying motion to send back to the commissioners of appraisal herein the report made by them on May 7, 1894, vacated and set aside, without costs to either party upon this appeal. Present — Hardin, P. J., Martin and Merwin, JJ.

The City of Syracuse, Respondent, v. Richard M. Stacey and Others, Appellants.— Motion denied, without costs to either party.

First National Bank of Syracuse. Respondent, v. The New York Central and Hudson River Railroad Company, Appellant. — Motion denied.

Frank McClanathan and Another, Respondents, v. William Friedel, Appellant.— Motion for leave to appeal to the Court of Appeals denied.

## THIRD DEPARTMENT, MAY TERM, 1895.

George C. Clark and Others, Respondents, v. James Sheridan and Others, Appellants.— Judgment affirmed, with costs. No opinion.

The Fitchburgh Railroad Company, Appellant, v. James E. Kennedy, Respondent. — Judgment affirmed, with costs. No opinion.

Abram Meddaugh, as Administrator, etc., Respondent, v. The New York, Ontario and Western Railway Company, Appellant. — Judgment affirmed, with costs. —

PUTNAM, J.: This case is a close one, but I am inclined to think that the trial judge properly submitted the question of contributory negligence to the jury. As the deceased approached the railroad crossing his view to the east was cut off by the Wilkinson store, twenty-eight feet wide and seventy feet deep and only seven feet from the track. He was sitting on the rear end of the wagon, eighteen or twenty feet from the head of the horses. When the horses went on to the railroad track he was prevented from looking to the east by the store. He could not look down the track until he was twelve feet from it, and, when his horses must have crossed. As the witness Leroy testified : "  t the time Meddaugh drove on the track he could not have seen this engine if he had looked. I think that as soon as it was possible for him to see the engine he made an attempt to get off. He looked around as soon as he could see. * * * In going from where he stopped to wait for this freight engine he did not have any opportunity to see the railroad until he got down to Wilkinson's store, and then coul'l not see it except beyond the switch. If the train was behind the store, or between the switch and the store, he could not see it looking through there." I think this evidence raised a question of fact as to the contributory negligence of deceased that was properly submitted to the jury. (Cook v. N. Y. C. & H. R. R. R. o., 35 N. Y. St. Repr. 525; 123 N. Y. 635.) I am, therefore, in favor of affirming the judgment. Mayham, P. J., concurred ; Herrick, J., dissented.

Edward Moynehan and James Mead, as Executors of the Last Will and Testament of Daniel Moynehan, Deceased, Appellants, v. The President, Managers and Company of the Delaware and Hudson Canal Company, Respondent. — Judgment affirmed, with costs. No opinion.

The Standard Fertilizer Company, Appellant, v. Edward D. Cheney, Respondent. — Judgment affirmed, with costs. No opinion.

John Langan, Respondent, v. Michael Clifford, Appellant. — Judgment affirmed, with costs. No opinion.

Jane Heath, Respondent, v. The Glens Falls, Sandy Hill and Fort Edward Street Railroad Company, Appellant. — Judgment affirmed, with costs. No opinion.

In the Matter of the Last Will and Testament of Hester Way, Deceased.— Decree of surrogate affirmed, with costs and disbursements of this appeal. No opinion.

Addison Loucks and George K. Daley, as Administrators of the Goods, Chattels and Credits, which were of Christina Loucks, Deceased, Appellants, v. Lewis L. Johnson, Charity A. Sheffer and John J. Johnson, Interpleaded as Defendants by the Albany Savings Bank, Originally the Defendant in this Action, Respondents.— Judgment affirmed, with costs and disbursements. No opinion.

Julius Scriver, Respondent, v. Dore E. Fairbrother and Others, Appellants.— Judgment affirmed, with costs. No opinion.

Helen M. Hoyle, Respondent, v. Isaac Gonyea, Appellant, Impleaded with Others.— Judgment affirmed, with costs. No opinion.

Nicholas La Pointe, Respondent, v. George Rickert. Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

George W. Evans, Appellant, v. Patrick Carroll, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

The People of the State of New York, Respondent, v. Thomas Maxwell. Appellant.— Judgment of conviction reversed.—

Mem. PER CURIAM: This judgment should be reversed. The circumstances are strongly suspicious, but are not sufficient to warrant conviction; they do not exclude every hypothesis except the guilt of the defendant. Present — Putnam and Herrick, JJ.

Hiram L. Washburn, as Receiver, Plaintiff, v. Andrew Dettinger, Defendant.— Decision and order amended as asked in the moving papers. No opinion.

Joseph J. Bach, Respondent, v. Charles I. Skinner, Appellant.— Order affirmed, with costs and disbursements. No opinion.

Joseph Amo, Respondent, v. The Adirondack Sanitarium Company, Appellant.— Order affirmed, with costs and disbursements. No opinion.

Joseph Murray and Alfred E. Doty, Respondents, v. Ira W. Ketchum, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

In the Matter of the Guardianship of Jay Chawgo, a Minor.— Order affirmed, with costs and disbursements. No opinion.

Albany Brass and Iron Company, Appellant, v. Charles H. Hoffman, Jr., Respondent.— Order affirmed on the opinion of the court below, with ten dollars costs and disbursements. No opinion.

In the Matter of the Estate of Henry G. Lapham.—Motion to correct decision so that it shall award costs to the appellant at the rates allowed upon an appeal from a judgment granted. No opinion.

Lewis A. Young, Respondent, v. Clark L. Jordan, Appellant.—Judgment affirmed, with costs and disbursements. No opinion.