(16 Misc. Rep. 217.)

## BECKWITH v. BURLINGAME.

(Oneida County Court. February, 1896.)

EVIDENCE—CONTRACT OF SALE—PAROL TESTIMONY.

The fact that a note was taken for the purchase price of property sold will not exclude parol evidence that it was not received as payment, but that by the terms of the sale another person was to be responsible for payment of the purchase money.

Appeal from city court of Utica.

Action by Nellie Beckwith against Arla Burlingame to recover the purchase price of an interest in property sold by plaintiff to one Mrs. Cummings, and for which plaintiff received the note of Mrs. Cummings, but which she alleged was taken at defendant's request, and which defendant, as a part of the contract of sale, agreed to pay. Judgment for plaintiff, and defendant appeals. Affirmed.

T. L. Cross, for appellant.

S. J. Barrows, for respondent.

DUNMORE, J.   So far as necessary to sustain the judgment, the trial court is presumed to have decided the disputed questions of fact in favor of the plaintiff.   The evidence is clearly sufficient to sustain the following findings: (1) That in consideration of plaintiff's release of her interest in the property the defendant promised to pay plaintiff $50; (2) that plaintiff refused to trust Mrs. Cummings for the $50; (3) that the plaintiff accepted the note in question at the defendant's request, and for her accommodation.   The appellant claims that parol evidence to establish the above facts was inadmissible, for the reason that it contradicted, and was received to vary the terms of, a written contract by the note.   We do not think that rule applies.   The contract of the sale or release of plaintiff's interest was by parol.   That is the contract which would by its terms determine who was to pay the plaintiff.   The note would not necessarily, and parol evidence of what the terms of the agreement were was properly received.   The contract of sale or release by plaintiff was one independent collateral agreement, and parol evidence was competent to prove that, even though another agreement, viz. the note, made at the same time, was, in writing.   Dodge v. Zimmer, 110 N. Y. 43, 49, 17 N. E. 399; Chapin v. Dobson, 78 N. Y. 74; Eighmie v. Taylor, 98 N. Y. 288.   We think, therefore, that the judgment should be affirmed unless the note was received by plaintiff in payment.   If it was received in payment, the debt resulting from the promise would thereby be extinguished, and defendant would remain liable only as indorser.   It is a well-established rule that the acceptance of the note of a third person by the creditor from his debtor does not operate as a satisfaction of the precedent debt, unless it be shown that such at the time was the agreement of the parties; but when, at the time of the creation of the indebtedness, the creditor received from his debtor the note of a third person, the presumption is that he received it in payment.   Noel v. Murray, 13 N. Y. 167; Youngs v. Stahelin, 34 N. Y. 258.   That presumption in this case is rebutted by a contrary agreement of the parties.   Plaintiff, and also Mrs. Cummings, testified that plaintiff refused to trust Mrs. Cummings for the $50.   Upon all the evidence this was a question of fact for the trial court, and this court is concluded by that finding.   We do not discover that any rule of law was violated to the prejudice of defendant, and therefore the judgment must be affirmed, with costs.

Judgment affirmed, with costs.