(19 App. Div. 370.)

BLUMBERG v. LINDEMAN.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

DISCOVERY—INSPECTION OF BOOKS—DEMAND.

On a motion for an inspection of books, where an order is issued directing a party to grant the inspection or show cause, a previous demand is not necessary.

Appeal from special term, New York county.

Action by Alexander Blumberg against Herman Lindeman. From an order denying plaintiff's motion for discovery, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, PATTERSON, and INGRAHAM, JJ.

Chas. M. Boerman, for appellant.
Michael Schaap, for respondent.

PATTERSON, J. This motion should have been granted. The plaintiff sued for commissions on specific sales made by him upon an employment by the defendant, and under an agreement as to compensation. He served a complaint, but was required, on the defendant's motion, to amend that complaint, and set forth therein the sales he had made, upon which he claimed to be entitled to receive commissions. He showed to the court below, on this motion, that he could not comply with the order referred to without an inspection of the defendant's books, and it was for the very purpose of putting himself in the position to obey that order that he asked for an inspection. The court below denied his motion only on the ground that he had not demanded such inspection before moving for it. But an independent demand was not necessary to give him a standing in court to make the motion. Where, as in this case, an alternative order to show cause is issued, a previous demand for an inspection and discovery is not necessary. The decision of the court below was based on the case of Gross v. Book (Sup. Ct.) 1 N. Y. Supp. 263. But that case is explained and shown to be inapplicable. Iron Co. v. Hoffman, 86 Hun, 620, 33 N. Y. Supp. 1125, adopting the opinion of Herrick, J., at the special term. 12 Misc. Rep. 169, 33 N. Y. Supp. 600.

The order appealed from should be reversed, with costs, and the motion for an inspection and discovery granted, with costs. All concur.