(40 Misc. Rep. 652.)

HALLETT v. AMERICAN LAW BOOK CO.

(Supreme Court, Appellate Term. March, 1903.)

1. DISCOVERY—PETITION—SIGNATURE OF ATTORNEY.
   The fact that the petition for a discovery and inspection of papers in defendant's possession was not subscribed by plaintiff, but by his attorney, was not material, where it was verified by plaintiff.

2. SAME—DEMAND—NECESSITY.
   Demand for an inspection of the papers in defendant's possession was unnecessary, where an order to show cause was served and opposed on the return day.

3. SAME—TERMS OF ORDER.
   Order permitting an inspection of the papers in defendant's possession at a particular date and "such other times as the said referee may appoint," was proper.

Appeal from City Court of New York, Special Term.

Action by Allen P. Hallett against the American Law Book Company. From an order allowing to plaintiff a discovery and inspection and permission to make copies of certain manuscripts in defendant's possession, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Fred. Cyrus Leubuscher, for appellant.
Archibald Robinson Watson, for respondent.

GIEGERICH, J. The plaintiff has been engaged for six years last past as a writer of articles for law publications, and in that capacity was engaged by the defendant for one year at a salary of $2,400. Before this term had expired he was discharged, and now brings this action, alleging that such discharge was wrongful. The defendant company, among other defenses, claims that it had to reject much of the work submitted by him, because it was "utterly worthless and unfit for publication," in that it omitted cases adjudicated in certain specified years, and cited cases not in point, and otherwise erroneously cited cases, etc., and that the defendant was obliged to have some of the articles rewritten ab initio by others. By reason of these, and

other circumstances alleged in the answer, a counterclaim for $1,200 is set up.

The plaintiff asserts in the moving affidavit that the articles were well and carefully prepared, that they were not defective and faulty in citation as alleged, but were published substantially as submitted by him, with certain transpositions and disguises awkwardly made, and certain additions ignorantly made.

Several formal objections are first urged by the appellant, but I do not find any force in any of them. The petition was not subscribed by the petitioner, it is true, but by his attorney. It was, however, verified by him, which is the important thing, and which has been held to be enough, even though the petition is not signed by any one. Chadwick v. Spargur, 1 N. Y. Civ. Proc. 423.

A previous demand was not necessary where an order to show cause has been served and opposed on the return day. Albany Brass & Iron Co. v. Hoffman, 12 Misc. Rep. 167, 33 N. Y. Supp. 600, affirmed 86 Hun, 620, 33 N. Y. Supp. 600. The order fixes a date, and "such other times as the said referee may appoint." This, we think, is a compliance with rule 16 of the General Rules of Practice, and less likely, in a case like this, to work hardship to either side, than an attempt to prescribe a definite period.

It is further contended that an inspection is not necessary before trial. In view, however, of the great number of pages—over 3,000—and the character of the manuscript, containing many citations of authorities as it does, it seems clear that a previous and deliberate examination is necessary, and that an examination upon the trial would be wholly inadequate.

It is also claimed that the manuscripts now "contain peculiar classifications, annotations, and markings" which are the defendant's trade secrets, and which it is sought by this proceeding to discover for the benefit of a rival in business into whose employment the plaintiff entered after his discharge by the defendant. So far as classifications are concerned, all those must be shown in the articles in suit which have now been published in the defendant's volumes so far issued. Any annotations or markings may be erased or covered, or the matter can be otherwise controlled by the referee, so that the plaintiff shall obtain the inspection he is entitled to, with as little damage to the defendant as possible. It should be borne in mind in this connection, however, that the defendant has put in issue the character of the manuscript, and has made it necessary for the plaintiff to examine and copy it to safely prepare for trial. If the defendant has inscribed any of its trade secrets on the manuscript, that, too, was its own act. We are not convinced that the application is made in bad faith, as alleged, and in the interests of the defendant's rival. On the contrary, it seems a natural and necessary course for the plaintiff to pursue in the case. The order should be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur.