IGNATZ GUTTENTAG, Respondent, *v.* CLARK J. WHITNEY and FREDE-
RICK C. WHITNEY, Appellants.

*Oral evidence as to the kind of work which it was orally agreed should be done under
a written contract which is silent in that respect.*

In an action brought to recover for theatrical posters manufactured by the plain-
tiff's assignor for the defendants under a written order given by the defend-
ants to an agent of the plaintiff's assignor, the complaint alleged and the
answer admitted that the work which the plaintiff's assignor agreed to do for
the defendants was known as "pictorial lithographic work." The evidence of
the defendants tended to show that pictorial lithographic work was understood
in the trade to mean stone work and not a combination of stone and zinc work
such as was done by the plaintiff's assignor for the defendants.

The order under which the work was done and the acceptance of such order were
silent as to the character of the work or the process by which it was to be
produced.

*Held,* that the defendants were entitled to prove by parol testimony that at the
time the order was given to the agent of the plaintiff's assignor it was orally
agreed between the parties that the work should be pictorial lithographic
work and that this agreement was communicated by the agent to his principal
at the time the order was accepted.

APPEAL by the defendants, Clark J. Whitney and another, from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of New York on the 22d
day of July, 1902, upon the verdict of a jury rendered by direction
of the court, and also from an order entered in said clerk's office on
the 30th day of July, 1902, denying the defendants' motion for a
new trial made upon the minutes.

*Alfred Pagelow,* for the appellants.

*Franklin Bien,* for the respondent.

INGRAHAM, J.:

The action was to recover for work, labor and services performed
and theatrical posters furnished by the plaintiff's assignor for the
defendants, under a written order given by the defendants to an
agent of the plaintiff's assignor. On the part of the plaintiff, Mr.
Bien, the general superintendent of the plaintiff's assignor, testified
that the goods were manufactured in accordance with this order,
and that a part of the materials were shipped to and received by the

defendants. The shipments were one to Syracuse on January 15th, 1902, one to Gloversville on the 16th day of January, 1902, and one to Albany about January 17th or 18th, 1902, and were made to a theatrical company which was under the management of the defendants. There also seems to have been a subsequent delivery made to the same company in the city of New York, but there was evidence that the defendants were not present when the goods were received and used, and did not inspect any of the articles manufactured under this order until some time in January at the city of New York, when they refused to accept the remainder of the sheets manufactured as required by contract. The order called for 50,000 sheets, of which 2,310 were delivered to the defendants.

Upon the cross-examination of Mr. Bien, he testified that a Mr. Schwarz was employed by the plaintiff's assignor to seek work which he was to submit for its consideration and acceptance. Mr. Bien was then asked: "When Mr. Schwarz brought you this paper, Exhibit 1, and before you wrote the acceptance, did he tell you that this work was to be lithograph stone work?" This was objected to and was excluded upon the ground that nothing that occurred between the plaintiff's assignor and their agent and the defendants would have any effect on the contract between the parties, the contract being in writing. The witness was asked other questions as to the conversation between the officers of the plaintiff's assignor and its agent when this order was delivered, which were objected to and excluded upon the same ground, to which the defendants excepted. One of the defendants, when examined as a witness, was asked: "At the time you gave Mr. Schwarz plaintiff's Exhibit 1 (the order), what conversation did you have with Mr. Schwarz?" This was objected to by the plaintiff and the objection sustained, to which the defendants excepted. The agent of the plaintiff's assignor who obtained the order was also called as a witness, and testified that he was in the employ of the plaintiff's assignor, and procured the order marked Exhibit 1 from the defendants and delivered it to Mr. Julius Bien. He was then asked: "What did you say to him when you gave it to him?" That was objected to as immaterial, irrelevant and incompetent, and the objection was sustained, to which the defendants objected. The witness was then asked: "When you received this order from Mr. Whitney, what was said?" That question was

also objected to and in answer, to a question of the court, the counsel for the defendants then said : " What I propose to prove is this, that when this order was obtained the express stipulation was made and stated by the defendant, Mr. Whitney, that this must be lithographic stone work and that there must be no zinc work; and this witness is prepared to testify that when he took that contract to the plaintiff he told them that that was what he had undertaken to do." The court thereupon sustained the objection, and the defendants excepted. The witness was then asked : " Was anything said by you to Mr. Whitney as to what kind of pictorial lithographic work your firm would give him ?" That was objected to, the objection sustained, to which the defendants excepted.

There was also evidence by the defendants that what is commonly known as pictorial lithographic work is stone work, and that a combination of stone and zinc work is not accepted in the trade as pictorial lithographic work, and that the work done by the plaintiff's assignor for the defendants was a combination of zinc and stone work. The contract as alleged in the complaint is that " one Julius Bien & Company, a corporation, entered into an agreement with the defendants herein, wherein and whereby the said Julius Bien & Company agreed to do certain work, labor and services, and furnish certain materials for the defendants herein, known as pictorial lithographic work for their production known as ' Dolly Varden.' " In answer, the defendants admit that " an agreement was entered into between this defendant (Frederick C. Whitney) and the said Julius Bien & Company, wherein the said Julius Bien & Company agreed to do certain work, labor and services, and furnish certain materials, known as pictorial lithographic work, to be used in connection with a certain theatrical production known as ' Dolly Varden ; ' " and it further alleges that the particular pictorial lithographic work for the production of " Dolly Varden " which the plaintiff's assignor agrees to execute and perform for the defendant " in manner and form provided for in said contract and as herein admitted was to be what is generally known in the theatrical profession as pure lithographic work, and the agreement of the plaintiff's assignors was that the said work should be performed, and the articles produced should be pure lithographic work and should be executed to the absolute satisfaction of this defendant,

and should only be paid for by him after he had accepted the same as satisfactory in all its parts;" and, further, that the work was never accepted by the defendant, in whole or in part; that the same was not pure lithographic work, but was work of an entirely different and entirely unsatisfactory character. "The process employed in its production was not a lithographic process, nor was the work produced what is commonly and ordinarily known as lithographic work, but was of an imperfect and inferior grade, produced by a cheaper form of manufacture known as the zinc or some other process."

The written order which was introduced in evidence is as follows:

"F. C. WHITNEY,

"1402 BROADWAY,

   "NEW YORK.          "NEW YORK, *Novb. 14th*, 1901.

"JULIUS BIEN & COMPANY:

"DEAR SIRS.— Kindly make for us

"1250 of two different 12 sheets

"1250 of one         8 sheets

"5000 of two different 1 sheet, as per photos given you at 5c pr sheet.

"Each item to be paid as soon as finished.

"The work has to be in first class workmanship and satisfactory in every respect and done in about four weeks.

                    "F. C. WHITNEY.

                    "C. J. WHITNEY."

This order was accepted in writting by the plaintiff's assignor The order was silent as to the character of the work or the process by which it was to be produced, and unless it were supplemented by some verbal testimony as to what the parties intended, it is apparent that it would be unintelligible. There is nothing in the acceptance which specifies the work to be done or the method to be adopted in doing it. It is evident, therefore, that this order is not the contract as alleged either by the plaintiff or by the defendants. It was simply an order for a certain number of sheets as per photographs sent to the plaintiff. It is thus clear that the whole contract between the parties was not expressed in the writing, and in such a case the rule excluding parol evidence of the contract as made has no application.

In *Brigg* v. *Hilton* (99 N. Y. 517) the plaintiffs signed a paper in form which acknowledged the receipt of an order from the defendants to the plaintiffs for certain goods, and it was there claimed that, the contract being in writing, parol evidence as to what took place at the time the order was given was inadmissible; but it was held that " even an agreement may be valid although only a part is in writing, and while as to that part the writing is conclusive, parol evidence may be used to show the rest; " and the same rule has been applied where the writing is ambiguous, so that from the writing itself the real contract between the parties did not fully appear. In such a case parol evidence is offered, not to contradict or vary the writing, but to show how the parties understood its terms so as to relieve it from ambiguity. (*Griffiths* v. *Hardenbergh*, 41 N. Y. 464; *Dodge* v. *Zimmer*, 110 id. 43.)

We think that this case comes within this exception, if it may be so called, to the rule that excludes all negotiations leading up to the making of a contract which was subsequently reduced to writing, and by which the parties are bound. It would seem to follow, therefore, that the court erroneously excluded this testimony to which attention has been called. If the agent, when accepting the order for this work, specifically undertook that the sheets were to be printed by a particular method, and that that understanding was stated to the plaintiff's assignor as a part of the agreement before it accepted the order, it was certainly bound by that agreement; and before it could recover it must prove that it carried out its contract or that it was waived by an acceptance of the articles as manufactured or in some other manner, but the defendants are entitled to have the evidence as to the contract that was actually made submitted to the jury. It follows that for the exclusion of this testimony there must be a new trial.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.