EISEMAN v. NATIONAL OIL WORKS CO. OF LA., INC.

(June 24, 1929. Opinion and Decree.)

Lazarus, Weil and Lazarus, of New Orleans, attorneys for plaintiff, appellant.

Dart & Dart and Louis C. Guidry, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit by a real estate agent for a commission. The sole

question involved is whether the real estate agent had obtained a purchaser within the time mentioned in the contract of employment. There was judgment below dismissing plaintiff's suit, and plaintiff has appealed.

Plaintiff was employed on December 4, 1925, for the purpose of selling certain real estate; his authority so to do to expire on December 30, 1925. He failed to obtain a purchaser during the term of the contract, which was allowed to expire. On January 4, 1926, he addressed the following communication to defendant:

"Mr. Peters S. Cooney, President,
"National Oil Works of Louisiana,
"Dublin Street & Carrollton avenue,
"New Orleans, La.

"Dear Mr. Cooney: In re: Sale of Carrollton & Oleander Station—

. "Your authorization of December 4th recently expired, and I will thank you if you will renew your contract for an additional thirty days. I have been negotiating with a client and the matter seems to be going on pretty well to a successful conclusion.

"Thanking you in advance for your immediate reply, I am

"Very truly yours,
"Meyer Eiseman,

"PRF:C            By _____."

To this letter the defendant answered under date of January 6, 1926, as follows:

"Reply to your valued favor of the 4th inst., beg to say that this your authority to go right on for another thirty days on service station and property mentioned."

On February 3, 1926, plaintiff succeeded in obtaining an offer for the property, which, when submitted to defendant, was not signed; defendant giving as his reason the alleged tardiness of the offer.

If the letter of defendant of January 6, giving plaintiff the authority "to go right on for another thirty days," means that his authority is to begin January 6 and end February 6, it is obvious that plaintiff has complied with his undertaking under his mandate, and procured a purchaser for defendant's property, which entitles him to a commission. If, on the other hand, the letter of defendant can be construed to mean the expiration of 30 days from the date of the expiration of the original contract authorizing plaintiff to sell the property, or December 30, 1925, his authority expired January 30, 1926, and, the offer procured by him having been obtained after the expiration of the term mentioned in his contract as extended, he is not entitled to any commission, for the reason that he has not performed his part of his agreement.

It will be recalled that, in requesting the extension, plaintiff used the word "renew," asking that his contract be renewed for "an additional thirty days." We are referred to the case of Carter vs. Insurance Co., 110 N. Y. 15, 17 N. E. 399, where the word "renew" and "renewal" is the subject of definition at the hands of the court. It was there held that "to renew, in its popular sense, is to refresh, revive, or rehabilitate an expiring or declining subject; but it is not appropriate to describe the making of a new contract or the creation of a new existence. Webst. Dict.; Worcester Dict."

Considering the correspondence and the testimony in the record, we have concluded that the conclusion reached by the trial court, to the effect that the parties intended only to extend the original term by 30 days, and not to revivify the contract as of date of the letter requesting its extension, is correct. This was the view of the learned judge a quo, and we are in accord with his findings.

For the reasons assigned, the judgment appealed from is affirmed.